OPINION
{¶ 1} Plaintiff-appellant, Agnes E. Alessio, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, that adopted a magistrate's decision which, among other things, designated defendant-appellee, Lawrence W. Alessio, as the sole residential parent and legal custodian of their daughter, Monica. For the following reasons, we affirm that judgment.
 {¶ 2} The parties married in February 1995. Monica was born in December of that year and is now 10 years old. In 1998, the parties dissolved their marriage. The parties' separation agreement named Mrs. Alessio Monica's sole residential parent and legal custodian. Mr. Alessio received visitation with Monica. After the dissolution, both of the parties remained in the central Ohio area and remarried. Mrs. Alessio married Kavin Kowis, a Lieutenant Colonel in the United States Marine Corp.
 {¶ 3} On February 26, 2003, Lt. Col. Kowis was activated to duty for two years. He was sent to Iraq for the first four months. Upon returning to the United States in July 2003, Lt. Col. Kowis was stationed at the Great Lakes naval base outside of Chicago, Illinois. Lt. Col. Kowis' service at Great Lakes concluded at the end of 2003. He still had, however, a year remaining on his tour of duty. Lt. Col. Kowis had the opportunity to choose between three assignments to complete his tour of duty: (1) a military base in California; (2) a return to Iraq; or (3) a position at the Pentagon in Washington D.C. After discussing his options with Mrs. Alessio, Lt. Col. Kowis decided to accept a position at the Pentagon.
 {¶ 4} For several years, Mrs. Alessio had been seeking a new job. In the summer of 2003, Mrs. Alessio told Mr. Alessio that she would probably be moving to the Washington D.C. area for a promotion. She did not file with the court a Notice of Intent to Relocate, as required by R.C. 3109.051(G). On October 7, 2003, however, Mrs. Alessio filed a motion to modify the parties' parenting agreement. She represented in the motion that she had been offered a promotion and that she would be moving to Springfield, Virginia. She requested that the trial court modify the parties' parenting schedule due to her move. She did not offer her husband's military service as a basis for her move. Three days later, Mr. Alessio filed his own motion to reallocate parental rights and responsibilities, seeking to become Monica's sole residential parent and legal custodian.
 {¶ 5} Lt. Col. Kowis reported to the Pentagon in December 2003. Mrs. Alessio also formally accepted her new job in December 2003. Lt. Col. Kowis bought a home in Stafford, Virginia, and, in January 2004, Mrs. Alessio and Monica moved to Virginia. Mrs. Alessio began her new job shortly thereafter.
 {¶ 6} The trial court held a hearing on the parties' motions to reallocate parental rights and responsibilities. Mrs. Alessio testified that she based her decision to move on her desire to stay with her husband and not on her job promotion. She explained that she accepted her promotion only after her husband confirmed that he would move to the Washington D.C. area. The parties also testified about Monica. The magistrate found Monica to be a happy, healthy, and well-adjusted girl whose needs were being met by both parents. The magistrate determined, however, that the parental rights should be reallocated to designate Mr. Alessio the sole residential parent and legal custodian for Monica. Additionally, the magistrate found that the parties' pending contempt motions were moot. Mrs. Alessio filed objections to the magistrate's decision. The trial court overruled those objections and adopted the magistrate's decision.
 {¶ 7} Mrs. Alessio appeals and assigns the following errors:
I. The Trial Court committed error prejudicial to the Appellant, abusing its discretion, by sustaining the Magistrate's Decision and overruling the Appellant's Objections, contrary to the manifest weight of the evidence.
II. The Trial Court committed error prejudicial to the Appellant, abusing its discretion, by affirming the Magistrate's finding that circumstances of the minor child and those of residential parent Mother had changed sufficiently to satisfy the threshold requirements of the Statute that there has been a change of circumstances.
III. The Trial Court committed error prejudicial to the Appellant, and against the manifest weight of the evidence, in holding that a modification of custody was necessary to serve Monica's best interest.
IV. The Trial Court committed error prejudicial to the Appellant, abusing its discretion, by holding that the Magistrate had "determined that the harm likely to be caused by a change of environment is outweighed by the advantages of the changes of environment to the child", when the Magistrate had made no analysis at all of the harm likely to be caused by transferring Monica from her mother, with whom she had lived her whole life, to live with her father.
V. The Trial Court committed error prejudicial to the Appellant, and against the manifest weight of the evidence, by failing to hold that the making of false allegations by the Appellee demonstrated the lack of merit of his position.
VI. The Trial Court committed error prejudicial to the Appellant, and against the manifest weight of the evidence, abusing its discretion, by failing to consider and specifically rule on Appellant's Objection to the Magistrate's conclusion that the Appellee should not be held to be in contempt of the Court's Order by keeping the minor child twelve (12) extra days during June and July, 2004, failing to return the child on June 20, 2004, in violation of the May 24, 2004 Magistrate's Order.
VII. The Trial Court committed error prejudicial to the Appellant, and against the manifest weight of the evidence, in holding that Appellee would be the parent most likely to honor and facilitate parenting time and companionship rights, communication with the other parent, and time with the child's extended family.
 {¶ 8} Mrs. Alessio contends in her first assignment of error that the trial court's decisions to reallocate parental rights and responsibilities was an abuse of its discretion and against the manifest weight of the evidence. We disagree. We will address this assignment of error together with her second, third, fourth, and seventh assignments of error that challenge specific findings by the trial court.
 {¶ 9} Because custody issues are some of the most difficult and agonizing decision a trial judge must make, those decisions rest within the sound discretion of the trial court. Miller v.Miller (1988), 37 Ohio St.3d 71, 74; Davis v. Flickinger
(1997), 77 Ohio St.3d 415, 418. A court's decision regarding an award of custody is subject to reversal only upon a showing of an abuse of that discretion. Id.; Trickey v. Trickey (1952),158 Ohio St. 9, 13-14. An abuse of discretion connotes more than an error of judgment. It implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} In applying an abuse of discretion standard, a reviewing court is not free to substitute its judgment for that of the trial court. Wine v. Wine, Delaware App. No. 04-CA-F-10-068, 2005-Ohio-975, at ¶ 25. According to the Supreme Court of Ohio, a trial court does not abuse its discretion in this context if its judgment is supported by a substantial amount of credible and competent evidence. Davis, at 418, citingBechtol v. Bechtol (1990), 49 Ohio St.3d 21, syllabus; see, also, Rahe v. Rahe (Sept. 15, 2000), Hamilton App. No. C-990719; Wine, supra. The reason for this standard of review is that the trial judge is in the best position to view the demeanor, attitude, and credibility of each witness and to weigh the evidence and proffered testimony. Davis, at 418; Gossardv. Miller, Wyandot App. No. 16-04-15, 2005-Ohio-2252, at ¶ 8. This is especially true in a child custody case, since there may be much that is evident in the parties' demeanor and attitude that does not translate well to the record. Davis, at 419.
 {¶ 11} The modification of parental rights and responsibilities is controlled by R.C. 3109.04(E). R.C.3109.04(E)(1)(a) creates a strong presumption in favor of retaining the residential parent. Brooks v. Brooks (Dec. 14, 1995), Franklin App. No. 95APF03-381. Therefore, a court shall not modify a parenting decree allocating parental rights unless it finds that, based on facts that have arisen since the decree, there has been a change in circumstances in the life of the child or the parents and modification of the decree is necessary to serve the child's best interest. R.C. 3109.04(E)(1)(a). Additionally, the court must find that one of the factors listed in R.C. 3109.04(E)(1)(a)(i), (ii), and (iii) applies. In this case, the trial court found that R.C. 3109.04(E)(a)(iii) applied: "[t]he harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 12} Thus, a party seeking to modify a parenting decree under R.C. 3109.04(E)(1)(a) must initially demonstrate that a change in circumstances has occurred. Bryan v. Bryan,161 Ohio App.3d 454, 2005-Ohio-2739, at ¶ 11. Exactly what constitutes a change in circumstances is not defined in R.C. 3109.04(E)(1)(a). The change must, however, be a change of substance, not a slight or inconsequential change. Davis, at 418; see, also, Bragg v.Hatfield, 152 Ohio App.3d 174, 2003-Ohio-1441, at ¶ 23.
 {¶ 13} In her second assignment of error, Mrs. Alessio specifically contends that the trial court's finding of a change in circumstances was an abuse of discretion. We disagree.
 {¶ 14} Although the trial court did not expressly list its reasons for finding a change in circumstances, it is clear that it relied on the following: (1) Mrs. Alessio's remarriage, (2) Monica has become close to her stepparents, (3) Monica was three-years old when her parents separated and is now 10-years old, (4) Monica has bonded with her half-sister Colleen, Mr. Alessio's other daughter, (5) Mrs. Alessio's move to Virginia, and (6) the instability resulting from Lt. Col. Kowis' military career.
 {¶ 15} Mrs. Alessio first argues the trial court erred by considering changes that occurred in the past and have now become part of Monica's everyday life as evidence of a change in circumstances. She further contends that her move to Virginia, on its own, cannot constitute a change in circumstances as a matter of law. We disagree.
 {¶ 16} A trial court, as the trier of fact, is given wide latitude "to consider all issues which support a change [in circumstances]." Davis, at paragraph two of the syllabus; Inre Seitz, Trumbull App. No. 2002-T-0097, 2003-Ohio-5218, at ¶ 37. A trial court may consider all changes in a child's life to determine whether there has been a change in circumstances under R.C. 3109.04(E). Davis, supra; Given v. Sanzone (July 25, 2001), Summit App. No. 20264 (considering all changes since divorce to determine change in circumstances). Therefore, in determining whether there has been a change in circumstances, a trial court may consider changes which occurred since the divorce, even if some of those changes are more distant in time, and are now part of the child's everyday life. Accordingly, the trial court did not err by considering all the changes that occurred in Monica's life and those of her parents in the years since the dissolution.
 {¶ 17} Having determined that the trial court may consider all changes that occurred since the dissolution of the parties' marriage, we must review the evidence to determine whether there was a substantial amount of credible and competent evidence supporting the trial court's finding that a change in circumstances occurred. The record reflects that there have been many changes in the parties' lives since the dissolution of their marriage. Both parents have remarried. Mrs. Alessio's new husband, Lt. Col. Kowis, is in the military and has been placed on active duty for at least two years. This duty places him at risk for future moves. Mrs. Alessio moved to Virginia. Additionally, Monica has bonded with her half-sister over the years and is very close to her. These factors are significant. Therefore, the trial court's finding was not an abuse of discretion, as there is a substantial amount of credible and competent evidence supporting the trial court's finding that a change in circumstances has occurred. Accordingly, Mrs. Alessio's second assignment of error is overruled.
 {¶ 18} Once the threshold requirement of a change of circumstances is satisfied, the trial court must then determine whether the proposed modification of parental rights and responsibilities is in the child's best interest. R.C.3109.04(E)(1)(a); Zinnecker v. Zinnecker (1999),133 Ohio App.3d 378, 383. A trial court does not abuse its discretion if its decision is supported by a substantial amount of credible and competent evidence. Davis, supra.
 {¶ 19} Mrs. Alessio contends in her third assignment of error that the evidence does not support the best interest finding in this case. We disagree.
 {¶ 20} In determining the child's best interest, the trial court must consider the nonexclusive list of factors set forth in R.C. 3109.04(F)(1):
(a) The wishes of the child's parents regarding the child's care;
(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
(d) The child's adjustment to the child's home, school, and community;
(e) The mental and physical health of all persons involved in the situation;
(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
* * *
(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
 {¶ 21} The trial court considered the applicable factors in R.C. 3109.04(F)(1). It noted that both parents wanted to be Monica's legal custodian and sole residential parent. Both parents would provide the other with substantial parenting time. Id. at (a). The trial court considered Monica's interaction with family members, such as her stepparents, her half-sister Colleen, and other extended family members. Mr. Alessio has family in Sharon, Pennsylvania and Colleen lives in the central Ohio area. The trial court noted that Monica's move to Virginia would reduce the opportunities Monica would have to visit those family members. Id. at (c).
 {¶ 22} The trial court also recognized Monica's good adjustment to her home, school and extra-curricular activities in Virginia. Id. at (d). Monica enjoys riding horses and is involved with the Girl Scouts. She also does well in school. The trial court disagreed with Mrs. Alessio's assertion that Mr. Alessio was not interested in Monica's education. Both parents wanted Monica to be educated in Catholic schools, and they both made arrangements for her to attend a Catholic school. Both parents were involved with her education. Next, the trial court noted the good health of all the parties involved. Id. at (e). The trial court then considered which parent was more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights, which we will address infra. Id. at (f). Finally, the trial court noted that Mrs. Alessio has already established a residence outside of Ohio. Id. at (j). After considering these factors, the trial court determined that modification of parental rights was in Monica's best interest.
 {¶ 23} After reviewing the factors the trial court applied to determine Monica's best interest, we conclude that the trial court's best interest finding is supported by a substantial amount of credible and competent evidence and was, therefore, not an abuse of discretion. It is apparent that the best interest analysis required the trial court to make a difficult decision. The trial court considered the appropriate statutory factors in making its decision. We will not substitute our judgment for that of the trial court when the trial court's findings are supported by a substantial amount of credible and competent evidence. Accordingly, Mrs. Alessio's third assignment of error is overruled.
 {¶ 24} Mrs. Alessio contends in her seventh assignment of error that the evidence does not support the trial court's finding that Mr. Alessio would be the parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights. The trial court noted that this was a "close issue" and we agree. However, substantial amounts of credible and competent evidence support the trial court's finding.
 {¶ 25} While Mr. Alessio violated a parenting order in 2003, Mrs. Alessio had a continual problem communicating with Mr. Alessio concerning Monica. She relied extensively on leaving important papers in Monica's backpack to keep Mr. Alessio informed of Monica's needs instead of communicating directly with him. Mr. Alessio testified that he did not even know about medicine Monica was taking at one point until a note accompanied the medicine in her backpack. Mrs. Alessio also failed to timely inform Mr. Alessio of Monica's first communion, an important event in her life. Mr. Alessio testified that communication is his strongest quality as a parent. Communication is a key to facilitating visitation with the other parent. Given Mrs. Alessio's inability to effectively communicate with Mr. Alessio, the trial court's finding that Mr. Alessio would be the parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights was not an abuse of discretion. Mrs. Alessio's seventh assignment of error is overruled.
 {¶ 26} Mrs. Alessio contends in her fourth assignment of error that the evidence does not support the trial court's finding that the harm likely to be caused to Monica by making Mr. Alessio the residential parent and legal custodian is outweighed by the advantages of that change. The trial court made this finding but did not discuss its rationale. Nevertheless, we disagree with Mrs. Alessio's assertion that the trial court's finding is not supported by the evidence.
 {¶ 27} There are no specific factors in R.C. 3109.04(E) that a trial court must consider in weighing whether the harm caused by a change in custody is outweighed by the benefits of the change. In re Jeffreys (Feb. 20, 2002), Belmont App. No. 01BA-4. Additionally, although an expression of the rationale underlying this finding would benefit a reviewing court, the statute does not require the trial court to express its analysis. Cf. Sayre v. Hoelzle-Sayre (1994), 100 Ohio App.3d 203, 212
(compliance with statute found even absent language expressly applying balancing test of harm versus advantages). However, this court must review the record to determine whether a substantial amount of credible and competent evidence supports the trial court's finding. Davis, supra.
 {¶ 28} The trial court noted the harm that the move to Virginia had caused Monica. She was taken away from her friends and Mr. Alessio's family, including her half-sister, Colleen. The trial court specifically noted the bond that existed between Monica and Colleen. The trial court found that Mrs. Alessio demonstrated a lack of awareness of these significant relationships in Monica's life by deciding to relocate to Virginia. The trial court also found that Mrs. Alessio's testimony regarding her motivation for moving was inconsistent with her motion to modify the parenting decree. The trial court generally found that Mrs. Alessio lacks credibility. Matters of credibility are best resolved by the trier of fact and an appellate court should generally defer to that determination.Davis, supra. Also of significance is the difficulty Mrs. Alessio has communicating with Mr. Alessio. This problem would likely worsen given the distance between Virginia and Ohio. Additionally, Lt. Col. Kowis' military duty could require further moves in the future, providing some measure of uncertainty in Monica's life.
 {¶ 29} The trial court also discussed the advantages of allowing Monica to stay with her mother in Virginia. Mrs. Alessio has been Monica's primary care giver since the parties separated in 1998. Monica's needs have been satisfied and she is a well-adjusted child. Keeping Monica with Mrs. Alessio would allow for the continuation of that care. Also, it appears that Mrs. Alessio takes a more active role in Monica's extra-curricular activities than Mr. Alessio.
 {¶ 30} The trial court was concerned that Monica's move to Virginia would impair the significant relationship she has developed over the years with her half-sister, Colleen. The trial court also was concerned that Mrs. Alessio did not realize the significance of this relationship. Given the close bond between Monica and Colleen and her relationship with her father's extended family, the trial court found that modifying the prior decree to make Mr. Alessio the residential parent and legal custodian was a significant advantage to Monica. Therefore, there was a substantial amount of credible and competent evidence before the trial court that the advantages to Monica of the change in parental rights outweighed the harm resulting from that change. Accordingly, the trial court's finding that the harm caused by a change in environment is outweighed by the advantages of the change is not an abuse of discretion. Therefore, Mrs. Alessio's fourth assignment of error is overruled.
 {¶ 31} In conclusion, the trial court's decision to modify the parenting decree and name Mr. Alessio the sole residential parent and legal custodian is supported by a substantial amount of credible and competent evidence and was, therefore, not an abuse of discretion. Accordingly, Mrs. Alessio's first, second, third, fourth, and seventh assignments of error are overruled.
 {¶ 32} Mrs. Alessio contends in her fifth assignment of error that false allegations Mr. Alessio made in his motion to modify custody should have been weighed against him by the trial court. Specifically, Mr. Alessio alleged that Mrs. Alessio had a drinking problem and that she, or Lt. Col. Kowis, beat Monica with a belt. At the hearing, however, Mr. Alessio admitted that Mrs. Alessio's drinking problem predated the parties' separation. He also did not introduce any evidence indicating Monica was beaten. Lt. Col. Kowis testified about the belt incident. He described it as an act of discipline after Monica ignored his directions. He explained that no marks were left on Monica and that Mr. Alessio knew about the incident within days and did not express any concerns.
 {¶ 33} Mr. Alessio contends that Mrs. Alessio failed to raise this issue in her objections to the magistrate's decision and has, accordingly, waived the right to raise the issue in this court. We agree. Civ.R. 53 imposes an affirmative duty on the parties to make timely, specific objections in writing to the trial court, identifying any error of fact or law in the magistrate's decision. Howard v. Norman's Auto Sales, Franklin App. No. 02AP-1001, 2003-Ohio-2834, at ¶ 22. Pursuant to Civ.R. 53(E)(3)(b), a party is barred from raising any error on appeal pertaining to a trial court's adoption of any finding of fact or conclusion of law by a magistrate unless that party timely objected to that finding or conclusion as required under the rule. Id., citing State ex rel. Booher v. Honda of Am. Mfg.,Inc. (2000), 88 Ohio St.3d 52, 53-54 (waiver of error where issue not raised in objections to magistrate's findings of fact or conclusions of law).
 {¶ 34} Mrs. Alessio failed to raise this issue in the objections she filed to the magistrate's decision. Having failed to object to the magistrate's findings of fact or conclusions of law on this issue, she has waived the error she now seeks to assign on appeal. Id. Therefore, Mrs. Alessio's fifth assignment of error is overruled.
 {¶ 35} Lastly, Mrs. Alessio contends in her sixth assignment of error that the trial court erred by failing to consider and specifically rule on one of her objections to the magistrate's decision. Specifically, the magistrate found her motion to hold Mr. Alessio in contempt for violating an interim parenting order moot. Mrs. Alessio objected to that ruling. The trial court did not specifically address that objection but generally overruled her objections to the magistrate's decision.
 {¶ 36} Civ.R. 53 requires a trial court to conduct an independent review when a party files objections to the decision of the magistrate. This court recognizes that it is better practice for a trial court to individually itemize and address objections separately. Green v. Ohio Dept. of Rehab. Corr.,
Franklin App. No. 02AP-24, 2002-Ohio-5967, at ¶ 17. It is presumed, however, that the trial court performed an independent analysis in reviewing the magistrate's decision. Arnold v.Arnold, Athens App. No. 04CA36, 2005-Ohio-5272, at ¶ 31. In its decision and entry, the trial court overruled Mrs. Alessio objections. The trial court based its decision on a review of Mrs. Alessio's objections, the transcript, and the court file. We find no basis for concluding that the trial court did not properly exercise its judgment in independently considering and overruling her individual objections. Green; see, also, Laynev. Ohio Dept. of Rehab. Corr. (Apr. 26, 2001), Franklin App. No. 00AP-724.
 {¶ 37} Moreover, we find no error in the trial court's determination that Mrs. Alessio's motion for contempt is moot. The purpose of a civil contempt motion is to compel compliance with a court's order. Natl. Equity Title Agency, Inc. v.Rivera, 147 Ohio App.3d 246, 2001-Ohio-7095, at ¶ 13. It is not to punish the disobedience. Tomasik v. Tomasik (Jan. 29, 1997), Summit App. No. 17822. Thus, when compliance with a court's order has become moot, the contempt proceeding is also moot. Rivera,supra; State ex rel. Corn v. Russo (2001), 90 Ohio St.3d 551,555.
 {¶ 38} In this case, Mrs. Alessio sought to hold Mr. Alessio in contempt for a violation of an agreed interim order concerning his parenting time with Monica. Given the temporary nature of this order, the magistrate terminated it when Mr. Alessio was named the sole residential parent and legal custodian of Monica. Mrs. Alessio did not appeal the termination of the interim order. Because the purpose of a contempt action is to compel compliance with a court order, and because the interim order is no longer effective, compliance with the order has become moot. Id. Therefore, Mrs. Alessio's contempt motion is also moot. The trial court did not err in so holding.
 {¶ 39} Accordingly, Mrs. Alessio's sixth assignment of error is overruled.
 {¶ 40} Having overruled Mrs. Alessio's seven assignments of error, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
Petree and Brown, JJ., concur.