[Cite as *S.M. v. N.G.*, 2023-Ohio-2883.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [S.M.], | : | |
| Plaintiff-Appellant, | : | No. 23AP-8 |
| v. | : | (C.P.C. No. 18JU-236) |
| [N.G.], | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on August 17, 2023

**On brief:** *S.M.*, pro se. **Argued:** *S.M.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

PER CURIAM.

{¶ 1} Plaintiff-appellant, S.M., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, overruling appellant's objections to a magistrate's decision denying his motion for shared parenting.

**I. Facts and Procedural History**

{¶ 2} Appellant and defendant-appellee, N.G., are the biological parents of one child, N.M., born on March 1, 2017. On January 8, 2018, appellant filed a pro se complaint for allocation of parental rights/custody. On January 22, 2018, N.G. filed an answer and a motion to terminate parenting time. On August 8, 2018, appellant filed a motion for shared parenting.

{¶ 3} On January 2, 2019, a magistrate of the juvenile court conducted a hearing on the motions, and heard testimony from appellant, N.G., and a home investigator with the court's family assessment department. On February 19, 2019, the magistrate filed a

decision which summarized the testimony of those three witnesses.  The magistrate noted appellant "testified at great length about issues he clearly felt strongly about, including his belief that [N.G.] does things without consequence, as well as his belief that [N.G.], and others, are trying to 'set him up.' " (Feb. 19, 2019 Mag. Decision at 3.)  The magistrate cited testimony by N.G. relating how "she and [appellant] met and their tumultuous history." (Feb. 19, 2019 Mag. Decision at 3.)  According to the testimony of the home investigator, "her investigation revealed a number of instances of domestic violence between [N.G.] and [appellant]"; further, having met with both parents, the investigator "found [N.G.'s] home to be safe and appropriate for the minor child, but found several safety concerns in [appellant's] home."  (Feb. 19, 2019 Mag. Decision at 2.)

{¶ 4}  The magistrate, based on the hearing testimony presented, concluded appellant "failed to present sufficient evidence to the Court to grant him either custody or shared parenting of the minor child."  (Feb. 19, 2019 Mag. Decision at 3.)  The magistrate designated N.G. the sole residential parent and legal custodian of N.M., and granted appellant supervised parenting time once per week.  The juvenile court, by judgment entry filed February 19, 2019, adopted the decision of the magistrate.

{¶ 5}  On January 29, 2021, appellant filed a pro se motion for shared parenting, in which he argued "[n]othing indicated * * * I was violent towards [N.G.]."  He further asserted N.G. "confessed to lying of being abuse[d]" during a trial in January 2019. Appellant subsequently filed an affidavit with the Supreme Court of Ohio seeking to disqualify the trial judge from the case.  By entry filed June 10, 2021, the Supreme Court denied appellant's affidavit of disqualification.  Appellant also filed with the juvenile court two motions for magistrate disqualification, which the court denied by entry filed July 16, 2021.

{¶ 6}  On August 25, 2021, the magistrate issued an order for a home investigation. On March 29, 2022, appellant's motion for shared parenting came for hearing before the magistrate. Appellant appeared pro se, but N.G. did not make an appearance. On September 7, 2022, the magistrate issued a decision denying appellant's motion for shared parenting.

{¶ 7} On September 20, 2022, appellant filed objections to the magistrate's decision. On December 22, 2022, the juvenile court filed a decision and entry overruling appellant's objections.

## II. Assignment of Error

{¶ 8} While appellant's pro se brief contains a three-page section titled "ASSIGNMENT OF ERROR," his brief does not include a separate statement of assignment of error as required under App.R. 16(A)(3). For purposes of appeal, we construe his assignment of error as challenging the juvenile court's decision overruling his objections to the magistrate's decision denying his motion for shared parenting.

## III. Analysis

{¶ 9} Under Juv.R. 40, when a party objects to a magistrate's decision, the juvenile court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Juv.R. 40(D)(4)(d). In ruling on objections, a trial court "has the ultimate authority and responsibility over the magistrate's findings and rulings." *Ramsey v. Ramsey*, 10th Dist. No. 13AP-840, 2014-Ohio-1921, ¶ 16, citing *Sweeney v. Sweeney*, 10th Dist. No. 06AP-251, 2006-Ohio-6988, ¶ 13.

{¶ 10} In " 'reviewing the propriety of a trial court's determination in a domestic relations case, an abuse of discretion standard is used.' " *Reese v. Reese*, 10th Dist. No. 22AP-309, 2023-Ohio-360, ¶ 8, quoting *Pallone v. Pallone*, 10th Dist. No. 17AP-409, 2017-Ohio-9324, ¶ 10. *See also Alessio v. Alessio*, 10th Dist. No. 05AP-988, 2006-Ohio-2447, ¶ 9 ("Because custody issues are some of the most difficult and agonizing decision[s] a trial judge must make, those decisions rest within the sound discretion of the trial court," and a court's decision awarding custody "is subject to reversal only upon a showing of an abuse of that discretion."); *In re Z.L.*, 8th Dist. No. 110617, 2022-Ohio-1234, ¶ 27 (an appellate court "review[s] a trial court's decision to grant or deny a motion for shared parenting for an abuse of discretion"). In applying the abuse of discretion standard, "a reviewing court is not free to substitute its judgment for that of the trial court," and "a trial court does not abuse its discretion in this context if its judgment is supported by a substantial amount of credible and competent evidence." *Alessio* at ¶ 10.

{¶ 11} R.C. 3109.04(E)(1)(a) "governs modification of an existing decree allocating parental rights and responsibilities." *In re R.N.*, 10th Dist. No. 04AP-130, 2004-Ohio-4420, ¶ 13. R.C. 3109.04(E)(1)(a) states as follows:

> The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
>
> (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
>
> (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
>
> (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶ 12} Thus, "R.C. 3109.04(E)(1) requires the trial court find a change of circumstances before it can modify the allocation of parental rights and responsibilities." *Thompson v. Thompson*, 5th Dist. No. 2012CA00176, 2013-Ohio-2587, ¶ 23. The Supreme Court has noted "[t]he requirement that a parent seeking modification of a prior decree allocating parental rights and responsibilities show a change of circumstances is purposeful: ' "The clear intent of [R.C. 3109.04(E)(1)(a)] is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the child a 'better' environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can

provide a better environment." ' " *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, ¶ 34, quoting *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997), quoting *Wyss v. Wyss*, 3 Ohio App.3d 412, 416 (10th Dist.1982).  A change in circumstances "must be a change of substance, not a slight or inconsequential change." *Flickinger* at 418.

{¶ 13} In the present case, during the hearing before the magistrate on March 29, 2022, the sole witness on the motion for shared parenting was appellant who, in addition to his own testimony, submitted various exhibits, including photographs and DVDs. Appellant testified that N.G. has "been trying to set me up." (Tr. at 15.)  He further stated that N.G. was in a relationship with an older male who was involved in drug activity and "that he's having sex with different individuals." (Tr. at 21.)

{¶ 14} According to appellant, N.G. permitted N.M. to be around another individual (a female), described by appellant as "a mean individual" who "breaks my daughter's tablet." (Tr. at 29.)  Appellant testified that his daughter accused this individual of inappropriate touching.  When asked by the magistrate whether he had contacted police or Franklin County Children Services ("FCCS") regarding the accusation, appellant stated he "was railroaded" in the past when FCCS had been "at my house." (Tr. at 33.)

{¶ 15} Appellant denied accusations that he was violent.  He testified that "when people see me, they know that it's like they * * * don't want no problem with me.  You know, I'm not no violent person, but if you threaten me, I defend myself * * * if need be." (Tr. at 38-39.)  Appellant stated N.G. "was trying to set me up for rape on my birthday." (Tr. at 40.)  According to appellant, N.G. made accusations that "I was locked up" for pulling a gun on her, "which is something that never happened." (Tr. at 40.)  Appellant further stated N.G. "was telling people I was hitting her, which I wasn't." (Tr. at 42.)

{¶ 16} Appellant testified he keeps his house clean, and that his daughter "loves to stay with [him]." (Tr. at 53.)  He stated that his daughter, "by instinct[,] * * * loves her mom, but she knows her mom don't love her." (Tr. at 53.)  Appellant further stated he loves his daughter and "just can't trust nobody around her." (Tr. at 54.)

{¶ 17} The magistrate's decision cited appellant's testimony claiming N.M. had been abused and that "[FCCS] does not follow up on his claims because they are biased." (Sept. 7, 2022 Mag. Decision at 2.)  The magistrate found appellant "has made these claims before,

including during testimony in the parties' previous trial held on January 2, 2019." (Sept. 7, 2022 Mag. Decision at 3.) The magistrate noted "[a] home investigation was ordered following [appellant's] initial filing in this case, and a home investigation was ordered again following [appellant's] most recent motion." (Sept. 7, 2022 Mag. Decision at 3.) During the hearing before the magistrate, the latest home investigation report, filed December 15, 2021, was admitted into evidence. (Magistrate's Ex. A) The magistrate observed the report indicated "no areas of concern regarding [N.G.'s] home and her care of [N.M.]." (Sept. 7, 2022 Mag. Decision at 3.)

{¶ 18} In denying the motion for shared parenting, the magistrate found appellant presented "minimal evidence * * * regarding the statutory factors to be considered when deciding a request for shared parenting," and the magistrate concluded appellant "was not able to meet the evidentiary standard * * * in order to grant his motion for shared parenting." (Sept. 7, 2022 Mag. Decision at 3.)

{¶ 19} In his objections to the magistrate's decision, appellant argued "[t]he 1st trial was erased [and] never admitted into records because," according to appellant, the magistrate was "complicit to perjury" in finding him to be "extreme[ly] violent." (Appellant's Obj.'s to Mag.'s Decision at 1.) Appellant further argued the "2nd trial * * * proceeded without [N.G.]," and that N.G. "never once presented evidence of [appellant] being violent." (Appellant's Objs. to Mag.'s Decision at 1.)

{¶ 20} The juvenile court addressed the above objections, noting the magistrate's "most recent" decision, apart from referencing the fact N.G. was granted a civil protection order against appellant in a prior case, contained "[n]o other findings" that appellant "is an extremely violent person." (Dec. 22, 2022 Decision at 4.) A review of the record supports the juvenile court's determination on this issue.

{¶ 21} Further, to the extent the focus of the above objections (i.e., asserting the lack of record evidence that appellant is a violent person) implicates the issue of change of circumstances, we note, under Ohio law, "a change in circumstances for the non-residential parent is generally irrelevant." *Delong v. Delong*, 3d Dist. No. 1-17-05, 2017-Ohio-7112, ¶ 16. Rather, "R.C. 3109.04(E) specifically limits a change of circumstances to situations involving 'the child, the child's residential parent, or either of the parents subject to a shared

parenting decree.' " *Id.*, quoting R.C. 3109.04(E)(1)(a). *See also Cireddu v. Clough*, 11th Dist. No. 2012-L-103, 2013-Ohio-2042, ¶ 40 ("As stated in R.C. 3109.04, the change must occur 'in the circumstances of the child' or 'the child's residential parent.' ").

{¶ 22} In its decision, the juvenile court noted appellant "takes issues with several past Court decisions." (Dec. 22, 2022 Decision at 7.) The court noted, however, "in this phase" of the litigation (i.e., review of appellant's objections) it was "limited" to a review of "any errors" in the magistrate's decision of September 7, 2022, and thus "unable to address errors or inconsistencies (if any) from prior decisions." (Dec. 22, 2022 Decision at 7.) We find no error with that determination.

{¶ 23} The juvenile court also addressed appellant's assertion that N.G. had placed N.M. at risk of harm/abuse, which included the court's consideration of appellant's testimony as well as a number of exhibits (including photos and DVDs) he presented at the hearing before the magistrate. Regarding appellant's exhibit evidence, the juvenile court found it difficult to "ascertain the time frame/date" during which "these videos and conversations occurred." (Dec. 22, 2022 Decision at 4.) Specifically, the juvenile court observed there were no dates associated with a number of the videos (DVDs), that several "pictures and the testimony authenticating them do not contain dates nor times," and "[t]he videos and pictures show a wide age range of the minor child." (Dec. 22, 2022 Decision at 5.)

{¶ 24} A review of the record supports the juvenile court's finding that significant portions of the exhibits and testimony related to those exhibits do not provide a timeframe for the events alleged. As observed by the juvenile court, while appellant submitted a number of exhibits and identified the exhibits during his testimony, he was "unable to explain dates/times of the evidence, if it occurred in a relevant time period, and how the evidence affects a change in circumstance." (Dec. 22, 2022 Decision at 7.) We note, in this respect, in determining the "threshold issue" as to whether a change in circumstances has occurred, any such change must be based on "facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree." *Moyer v. Moyer*, 10th Dist. No. 92AP-27 (Sept. 24, 1992), citing R.C. 3109.04(E)(1)(a).

{¶ 25} Regarding specific allegations of abuse, the juvenile court cited testimony by appellant that he had not taken any of this information to FCCS as "he believes that agency is biased." (Dec. 22, 2022 Decision at 5.) The juvenile court found the most recent home investigation report "details the interactions the party and family have had with the [FCCS] Agency since 2017," disclosing "at least four interactions in 2021 where [FCCS] screened in/out and the sexual abuse and/or physical abuse were 'N/A or unsubstantiated.' " (Dec. 22, 2022 Decision at 6.) The report also "identified that the child had recently been to the pediatrician," that N.G. "is current on her rent," that N.G. "has been living there for five years," and "[t]he condition of [N.G.'s] home was identified as satisfactory." (Dec. 22, 2022 Decision at 6.) The juvenile court, similar to the magistrate, found that the follow-up home investigation, conducted prior to the second hearing, indicated no change in the child's home since the time of the prior decree, nor did the report suggest the child was at risk at N.G.'s home. The juvenile court, having conducted an independent review, ultimately agreed with the magistrate's determination that appellant had not meet his burden of showing a change of circumstances.

{¶ 26} Based on this court's review, we find no abuse of discretion by the juvenile court in concluding the evidence presented by appellant did not demonstrate a change in circumstances had occurred since the prior decree. While we recognize appellant's testimony that he loves his daughter and he has been unfairly characterized as a violent individual, that is "not the standard" he had to meet. *Burnip v. Nickerson*, 7th Dist. No. 07-CO-42, 2008-Ohio-5052, ¶ 39 (while non-residential parent testified she could provide a good and loving home for children, she had to first demonstrate change of circumstances in the lives of residential parent or the children). *See also Cravens v. Cravens*, 12th Dist. No. CA2008-02-033, 2009-Ohio-1733, ¶ 37 (existing custody order will not be modified merely because moving party "argues (and believes) he would provide a better environment for [the child]"). Because the record supports the juvenile court's finding that appellant has not met his burden of establishing, pursuant to R.C. 3109.04(E)(1)(a), a change of circumstances, the juvenile court did not err in overruling appellant's objections to the magistrate's decision.

{¶ 27}  Finding no abuse of discretion by the juvenile court, appellant's assignment of error is not well-taken and is overruled.

**IV. Conclusion**

{¶ 28}  Based on the foregoing, and having overruled appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.

*Judgment affirmed.*

MENTEL, BOGGS, and LELAND, JJ., concur.

———————————