[Cite as *Q.A.-E v. S.G*, 2023-Ohio-4318.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT**
**COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| Q.A-E., | : | |
| Plaintiff-Appellant, | : | |
| | | No. 112616 |
| v. | : | |
| S.G., | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 30, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA-18-112728

*Appearances:*

Q.A-E, *pro se*.

ANITA LASTER MAYS, A.J.:

{¶ 1} Plaintiff-appellant Q.A-E. ("Mother") appeals the trial court's decision granting legal and residential custody of minor child, D.G., to defendant-appellee S.G. ("Father"). We affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} On October 16, 2018, Father filed a motion for shared parenting. At the time, Mother was incarcerated at the Cuyahoga County Corrections Center. A letter was mailed to Mother, advising her of the trial date. Mother alleged she never received the letter. However, the trial court determined that proper service was completed and issued a default judgment granting full custody to Father after Mother failed to appear.

{¶ 3} According to Mother, over the next three years, she filed several motions against Father in order to regain residential and physical custody of D.G. On July 29, 2022, Mother filed a motion to modify custody; on August 3, 2022, she filed a motion to show cause; and on August 26, 2022, she filed another motion to show cause regarding mental health and therapy. On February 27 and 28, 2023, the trial court held an evidentiary hearing. According to the judgment entry, Mother's witnesses testified that Father was good about visitation or extra visits with Mother and her family when Mother was incarcerated.

{¶ 4} The trial court also noted that Mother and her husband filed numerous unfounded and unsubstantiated complaints for civil protection orders against Father, complaints with children services, and complaints with the police department. However, Mother was indicted and incarcerated for burglary, violation of a protection order, domestic violence, criminal endangering, and

felonious assault. In 2021, Mother served two weeks in jail after pleading guilty to interference of custody.

{¶ 5} According to the trial court's judgment entry, the guardian ad litem ("GAL") observed the parents fighting all the time and determined that they were not good role models. The GAL also found that D.G. is not at risk of imminent danger and recommended that Mother have unsupervised parenting time every weekend. The GAL also suggested that the parents attend counseling to improve their communications and stop fighting for the betterment of D.G.

{¶ 6} The trial court found that Mother did not show a change of circumstances or best interest under R.C. 3109.04(E)(1)(a) and (F)(1). The trial court ordered that Father remain the residential and legal parent and Mother shall have weekly parenting time. The trial court also ordered Mother, Father, and their significant others to engage in counseling or therapy to learn how to communicate to support D.G. The trial court stated that Mother's motion to modify custody and both motions to show cause were not proved and were denied.

{¶ 7} Mother filed this appeal assigning one error for our review:

1. The trial court erred and abused its discretion in determining custody for the minor child.

## II. Law and Analysis

{¶ 8} In Mother's appeal, she did not file a transcript. "Pursuant to App.R. 9(B), the appellant has a duty to file the transcript from any lower court

proceedings to the extent it is necessary for evaluation of the judgment being appealed." *Farmer v. Healthcare Bridge*, 8th Dist. Cuyahoga No. 110469, 2021-Ohio-3207, ¶ 6. "This court has consistently held that '[f]ailure to file the transcript prevents an appellate court from reviewing an appellant's assigned errors. * * * Thus, absent a transcript or alternative record under App.R. 9(C) or (D), we must presume regularity in the proceedings below.'" *Id.,* quoting *Lakewood v. Collins*, 8th Dist. Cuyahoga No. 102953, 2015-Ohio-4389, ¶ 9.

{¶ 9} Mother raised two issues under her assignment of error regarding custody of D.G. First, Mother argued that the trial court failed to ensure that proper service was completed regarding the 2019 custody case. Mother was incarcerated and contends that she was not properly served or notified about the hearing that granted Father residential and legal custody of D.G.

{¶ 10} The trial court found that service requirements were met. "'Where the plaintiff follows the civil rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice.'" *Hathaway Brown School v. Cummings*, 8th Dist. Cuyahoga No. 111566, 2023-Ohio-374, ¶ 11, quoting *Midland Funding, L.L.C. v. Cherrier*, 8th Dist. Cuyahoga No. 108595, 2020-Ohio-3280, ¶ 12.

{¶ 11} Under App.R. 3(A) and 4(A)(1), Mother was required to file a notice of appeal within 30 days of the entry of the trial court's judgment. "The failure to timely file a notice of appeal deprives an appellate court of jurisdiction to entertain

the appeal.'" *Earth Mobile, Inc. v. U.S. Bank, N.A.*, 8th Dist. Cuyahoga No. 111851, 2023-Ohio-3354, ¶ 13, quoting *State v. Hamberg*, 2015-Ohio-5074, 53 N.E.3d 918, ¶ 8 (1st Dist.), citing *State ex rel. Curran v. Brookes*, 142 Ohio St. 107, 50 N.E.2d 995 (1943), paragraph seven of the syllabus. Accordingly, because Mother did not file a timely notice of appeal, this court is without jurisdiction to consider any of the trial court's rulings regarding the decision of the trial court in the 2019 custody case. *See id.*

{¶ 12} Therefore, Mother's first issue is dismissed.

{¶ 13} Second, Mother argues that the trial court abused its discretion in determining the custody of D.G. "We review a trial court's order regarding legal custody of a child under an abuse of discretion standard." *In re C.D.Y.*, 8th Dist. Cuyahoga No. 108355, 2019-Ohio-4987, ¶ 8, citing *In re S.E.*, 8th Dist. Cuyahoga No. 96031, 2011-Ohio-2042, ¶ 13. An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶ 14} "Legal custody and permanent custody are alternative disposition choices. Compare R.C. 2151.011(B)(21) with R.C. 2151.011(B)(31)." *In re C.D.Y.* at ¶ 10. "'Although there is no specific test or set of criteria set forth in the statutory scheme [regarding legal custody cases], courts agree that the trial court must base

its decision on the best interest of the child.'" *Id.*, quoting *In re N.P.*, 9th Dist. Summit No. 21707, 2004-Ohio-110, ¶ 23.

{¶ 15} "A party must demonstrate the existence of changed circumstances; that modification is in the child's best interest; and that the advantages of granting the modification outweigh any harm likely to be caused by the change." *In re A.Z.*, 8th Dist. Cuyahoga No. 108627, 2020-Ohio-2941, ¶ 32, citing *In re S.R.L.*, 8th Dist. Cuyahoga No. 98754, 2013-Ohio-3236, ¶ 19, citing R.C. 3109.04(E)(1)(a).

{¶ 16} "R.C. 3109.04 '"creates a strong presumption in favor of retaining the residential parent."'" *Id.* at ¶ 34, quoting *Sites v. Sites*, 4th Dist. Lawrence No. 09CA19, 2010-Ohio-2748, ¶ 17, quoting *Alessio v. Alessio*, 10th Dist. Franklin No. 05AP-988, 2006-Ohio-2447, ¶ 11. "'The statute prohibits a trial court from modifying a prior allocation of parental rights and responsibilities unless the court makes a threshold finding that a change in circumstances has occurred.'" *Id.*, quoting *id.* "'Without this threshold change in circumstances finding, a court need not proceed with an analysis of the child's best interests under R.C. 3109.04(E)(1) or with any of the factors outlined in R.C. 3109.04(E)(1)(a).'" *Id.*, quoting *id.*, citing *Cowan v. Cowan*, 4th Dist. Washington No. 04CA5, 2004-Ohio-6119, ¶ 16.

{¶ 17} Additionally,

[a] change in circumstances generally means that an event, occurrence, or situation has arisen since the prior decree that has materially and adversely affected the child. However, this change in circumstances cannot be slight or inconsequential. Rather, it must be substantive and significant. The requirement for finding a substantive and significant

change in circumstances is to "'spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a "better" environment. [R.C. 3109.04(E)] is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment.'" *Davis* [*v. Flickinger*], 77 Ohio St.3d [415,] 418, [674 N.e.2d 1159 (1997)], quoting *Wyss v Wyss*, 3 Ohio App.3d 412, 416, 445 N.E.2d 1153 (1982).

*Id*. at ¶ 35.

{¶ 18} Mother argues that the trial court did not fully consider the best interest of D.G. Mother's assertions are misplaced. The trial court stated that Mother has not shown a change of circumstances in accordance with R.C. 3109.04(E)(1)(a), which provides:

(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

{¶ 19} As previously stated, a court does not need to proceed with an analysis of the child's best interest if it finds there is no change in circumstances. However, the trial court continued and did consider the best interest of the child, although not required. The trial court stated in its judgment entry that any modification must serve the best interest of the child in accordance with R.C. 3109.04(F)(1), which provides:

> (1) In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
>
> (a) The wishes of the child's parents regarding the child's care;
>
> (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
>
> (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
>
> (d) The child's adjustment to the child's home, school, and community;
>
> (e) The mental and physical health of all persons involved in the situation;
>
> (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
>
> (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.

{¶ 20} The trial court found that Father is employed and provides a home, education, medical treatment, and subsistence. The trial court also determined that Father's home is stable and an appropriate structure. The trial court determined that Mother continuously filed unsubstantiated complaints against Father, and mother was previously incarcerated for numerous incidents. Given the facts of this

case, we determine that Mother has not demonstrated that the trial court abused its discretion. Mother's second issue lacks merit.

{¶ 21} Therefore, Mother's assignment of error is overruled.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
SEAN C. GALLAGHER, J., CONCUR