[Cite as *In re A.H.W.*, 2024-Ohio-2168.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

IN RE  A.H.W.                                  :

                                               :                    No. 113147

A Minor Child                                  :

[Appeal by F.S.W., Mother]                     :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  June 6, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA21710287

---

### *Appearances:*

F.S.W., *pro se*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant F.S.W. ("Mother") appeals the judgment of the juvenile court overruling her objections to a magistrate's decision enacting a shared parenting plan between F.S.W. and C.E. ("Father") for their child, A.H.W.  Because the juvenile court did not abuse its discretion by overruling Mother's objections and adopting the magistrate's decision, we affirm the judgment appealed.

## PROCEDURAL HISTORY AND RELEVANT FACTS

{¶ 2} On November 15, 2022, Father filed an application to establish a shared parenting plan for A.H.W. On April 13, 2023, the magistrate held a hearing at which Mother, represented by counsel; Father, represented by counsel; and the guardian ad litem for A.H.W. were present. On May 8, 2023, the magistrate's decision ("Decision") adopting Father's shared parenting plan was journalized. On May 23, 2023, Mother filed preliminary objections to the Decision and, on July 18, 2023, filed supplemental objections. The juvenile court overruled the objections and adopted the Decision on July 31, 2023.

### The Hearing and Decision

{¶ 3} Prior to the start of hearing, Mother and Father informed the magistrate that they had agreed to adopt a shared parenting plan, but disagreed as to the specific schedule to be put in place. Mother requested a continuance due to her witnesses being unavailable. The magistrate noted that the guardian ad litem would be unavailable and asked about the testimony Mother's witnesses would provide. Neither Mother nor her attorney proffered any of the witnesses' testimony. The magistrate denied Mother's motion for continuance and proceeded to hearing.

{¶ 4} The guardian ad litem, Father, Father's mother, and Mother testified at the hearing. Mother testified that her objection to the schedule was that it gave Father parenting time when he was at work. She stated:

> What I'm asking for is that around [Father's] work schedule, we have the schedule based on his availability, and that doesn't include any grandparents in the time or any assumptions that the grandparents will

be taking care of him. So that we can both spend quality time with him and his family just like mine.

{¶ 5} In the Decision, the magistrate noted that Mother and Father could not agree on a parenting schedule, with disagreement over midweek time with the Father. The magistrate found that Father lived with his parents, was employed, and Father's parents would care for A.H.W. while Father was at work. As to Mother, the magistrate found Mother has part-time employment and has family babysit A.H.W. when necessary. The magistrate noted Mother and Father have a volatile relationship but, despite their differences, they had been able to respect each other's religious beliefs. The magistrate also found Mother has a mental-health problem for which she was receiving services. The magistrate noted that the family had an assessment conducted that recommended the parents engage in parallel parenting and that the parents communicate through a messaging application.

{¶ 6} The magistrate stated that in granting the application to establish a shared parenting plan, it considered the following factors:

The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity, the child['s] close loving parent child relationship with both parents and with extended family on both sides;

The geographical location of the residence of each parent and the distance between those residences; The father lives in * * * and the mother lives in * * *. The parents have managed this distance well.

The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedules;

The age of the child; the child is one year[s] old.

The child's adjustment to home, school, and community;

The child is too young to express his or her wishes;

The health and safety of the child; The child is safe in the care of both parents.

The mental and physical health of all parties.

The magistrate found it was in A.H.W.'s best interest that Mother and Father be designated as residential parents and legal custodians of A.H.W. and implemented the shared parenting plan proposed by Father. The magistrate also ordered the parties to register for a specified communications website and that they shall thereafter conduct all communications regarding their minor child through this website. The parties shall not telephone, text, or email each other directly regarding issues relating to their child but instead shall post all communications exclusively on the website.

### Trial Court's Judgment Overruling Mother's Objections

{¶ 7} Mother filed the following objections and request to the Decision:

1.    The Magistrate Erred in Denying Mother's Motion for Continuance.

2.    Request to Take New Evidence.

{¶ 8}   In her first objection, Mother argued that the hearing should have been continued because her witnesses, many of whom are Orthodox Jews, would not be available to testify on the hearing date because it was the last day of Passover. Within her objection, Mother did not proffer her witnesses' testimony.

**{¶ 9}** The trial court determined that the parties agreed to the hearing date because the guardian ad litem would not be available after that date. The trial court also noted that the only issue to be resolved was Mother's objection to the parenting time Father would have while he was at work. The trial court found that the issue at the hearing was

> a philosophical dispute as opposed to a factual dispute and neither the transcript nor the mother's written objection shows how the case would have gone differently if the case had been continued.

**{¶ 10}** Mother also requested the trial court reopen the hearing and take new evidence because following the hearing date, mother received racist, antisemitic, and insulting text messages from Father to her that disparaged her and her religion. Mother argued the fact Father sent these messages impugn his character and credibility and raise valid concern regarding his ability to provide for the safety of their son and an adequate parenting environment.

**{¶ 11}** In resolving the first objection and request to reopen the hearing, the trial court noted the text messages were not authenticated or dated, but assumed they were authentic. The trial court found that because of the limited issue to be determined at the hearing, Mother did not demonstrate how the outcome of the hearing would be different were the texts presented or were her witnesses to testify. The trial court overruled the first objection and denied Mother's request to take further evidence.[1]

---

[1] The trial court found the texts to be concerning and noted the parties were ordered to use the messaging application. It warned the parties that any further texts of the kind noted in

{¶ 12} Mother also asserted the following objections to the trial court:

3. The Magistrate erred in ordering a parenting time schedule that deviates from the Standard Parenting Time Schedule.

4. The Magistrate erred in granting Father parenting time where the record reflects that such time will not actually be exercised by Father.

{¶ 13} Mother argued that the shared parenting schedule deviated from the court's standard schedule and that the Magistrate erred by awarding Father parenting time while he would be at work with his extended family providing care for their son. The trial court overruled these objections and rejected Mother's argument by noting the guardian ad litem testified as to the importance of grandparents and extended family and the need for the child to socialize with other children and that the Court Diagnostic Clinic recommended parallel parenting, which applies to each parent's decisions as to when the child will be with extended family as well.

## LAW AND ARGUMENT

{¶ 14} Mother asserts three assignments of error in her appeal.[2] Her first two assignments of error reads:

1. The Trial Court Erred in Overruling Mother's First Objection.

2. The Trial Court Erred in Declining to Set the Matter for Further Hearing Considering New Evidence in the Case.

___

Mother's objection could result in a finding of contempt of court and result in a modification of the parenting plan.

[2] Father did not file a brief in this appeal.

**{¶ 15}** Mother argues that the trial court should have continued the hearing due to the hearing date being set on a religious holiday because her witnesses were unavailable to testify and that the trial court engaged in speculation as to the effect her witnesses' testimony would have on the outcome of the hearing. She further argues that the hearing should be reopened to present testimony of Father's text messages. She states the trial court's reliance on the unavailability of the guardian ad litem was not a sufficient reason to deny her request for continuance. She further states the trial court erred by not reopening the hearing to accept evidence of the text messages.

**{¶ 16}** The denial of a motion to continue is a matter "'entrusted to the broad, sound discretion of the trial judge.'" *In re Ka.C.*, 8th Dist. Cuyahoga Nos. 102000, 102002, 102005, and 102006, 2015-Ohio-1158, ¶ 13, quoting *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). A trial court is further vested with broad discretion when ruling upon objections to a magistrate's decision. *In re A.K.*, 8th Dist. Cuyahoga No. 105426, 2017-Ohio-9165, ¶ 19. "An abuse of discretion occurs when a court exercises 'its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority.'" *Q.A-E. v. S.G.*, 8th Dist. Cuyahoga No. 112616, 2023-Ohio-4318, ¶ 13, quoting *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

**{¶ 17}** The trial court determined that the only contested issue at the hearing was the shared parenting plan as it allotted time to Father during his work hours. As to her witnesses, Mother did not proffer their testimony or explain how that

testimony and the text messages would affect the issue outstanding at the hearing. As such, we cannot say the trial court abused its discretion in overruling Mother's first objection and request to take new evidence. Further, because there was no proffer of testimony, Mother forfeited the right to contest the denial of her continuance. *In re K.L.*, 11th Dist. Portage No. 2021-P-0022, 2021-Ohio-3080, ¶ 20 ("[W]hen a continuance is requested to secure a witness' attendance, the failure to proffer the substance of the anticipated testimony waives or forfeits any error.").

{¶ 18} The first and second assignments of error are overruled.

{¶ 19} Mother's third assignment of error reads:

3. The Trial Court Erred in Overruling Mother's Third and Fourth Objections, and Thus Adopting the Magistrate's Decision as an Order of the Trial Court.

{¶ 20} Mother argues the decision to adopt the shared parenting plan was not in her son's best interests because he would be cared for by Father's family when he would be at work and that neither the magistrate nor trial court made specific findings to support why the parenting schedule, which deviated from a standard schedule, was in the best interests of the child.

{¶ 21} The juvenile court's decision concerning the allocation of parental rights and responsibilities will not be disturbed absent an abuse of discretion. *In re J.W.*, 8th Dist. Cuyahoga No. 105337, 2017-Ohio-8486, ¶ 19, citing *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997). In *In re N.J.V.*, 8th Dist. Cuyahoga No. 107753, 2019-Ohio-2234, ¶ 18, this court noted that

[w]hen a party requests shared parenting, R.C. 3109.04(F)(2) requires the court to specifically decide whether shared parenting is in the child's best interest. R.C. 3109.04(F)(2) requires the court to consider (1) the ability of the parents to cooperate and make decisions jointly; (2) the ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent; (3) any history of, or potential for, child abuse, spouse abuse, or other domestic violence; (4) the geographic proximity of the parents to each other, as the proximity relates to the practical considerations of shared parenting; and (5) the recommendation of the guardian ad litem of the child, if the child has a guardian ad litem.

{¶ 22} In the Decision, the magistrate considered these factors when adopting the shared parenting plan. It noted that there was "a close loving parent child relationship with both parents and with extended family on both sides" and that Father and Mother managed the distance they live apart well. It also considered the parents' schedules and found that A.H.W. is safe in the care of both parents. Although Mother's brief contains allegations that their son would not be safe with Father or his mother, those issues were not raised at the hearing nor raised before the magistrate. Based on the record on appeal, we cannot say the best interests of A.H.W. were not considered or that the adoption of the shared parenting plan was an abuse of discretion.

{¶ 23} The third assignment of error is overruled.

## CONCLUSION

{¶ 24} We affirm the judgment of the trial court overruling Mother's objections and adopting the Decision in this case. Mother sought a continuation of the hearing because witnesses were unavailable but failed to proffer those witnesses' testimony. The trial court did not abuse its discretion overruling Mother's objection

as to the continuance where no testimony was proffered. Further, the juvenile court did not abuse its discretion by not reopening the hearing and taking additional evidence because the new evidence presented did not pertain to the scheduling of time that was at issue in the hearing. Further, the trial court did not abuse its discretion in adopting the Decision and shared parenting plan where the best interests of the child were considered.

{¶ 25} Judgment affirmed.

It is ordered that appellant pay the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
ANITA LASTER MAYS, J., CONCUR