[Cite as *Midland Funding, L.L.C. v. Cherrier*, 2020-Ohio-3280.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MIDLAND FUNDING, L.L.C.,          :

    Plaintiff-Appellee,          :

                                    No. 108595

v.          :

NATHAN CHERRIER,          :

    Defendant-Appellant.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** June 11, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-08-679103

---

### *Appearances:*

Law Office of J. Michael Goldberg, L.L.C., and J. Michael Goldberg, *for appellant.*

EILEEN T. GALLAGHER, A.J.:

{¶ 1} Defendant-appellant, Nathan Cherrier ("Cherrier"), appeals the denial of his motions to vacate a default judgment and to dismiss the complaint. He claims three errors:

> 1. The trial court erred as a matter of law in denying defendant-appellant's motion to vacate the void default judgment.

2. The trial court abused its discretion by disregarding unrefuted sworn testimony that defendant did not reside at the address where service of process was attempted.

3. The trial court erred as a matter of law in denying defendant-appellant's motion to dismiss the complaint.

{¶ 2} We find merit to the appeal, reverse the trial court's judgment, and remand the case to the trial court to vacate the default judgment.

## I. Facts and Procedural History

{¶ 3} Plaintiff-appellee, Midland Funding L.L.C. ("Midland"), filed a complaint to recover a debt on December 22, 2008. The clerk of the Cuyahoga County Common Pleas Court sent service of the complaint by certified mail to 3365 Tullamore Road, in Cleveland Heights, Ohio (the "Tullamore address"). The mailing was returned to the clerk as "unclaimed." The clerk subsequently sent service of the complaint to the Tullamore address by ordinary mail on February 4, 2009. This mailing was not returned to the clerk, and no answer to the complaint was filed. Consequently, in May 2009, the court entered a default judgment against Cherrier in the amount of $1,785.46, plus costs and statutory interest from the date of judgment.

{¶ 4} Nine and half years later, on October 8, 2018, Midland filed a postjudgment motion to revive the default judgment, which had become dormant. Once again, Midland filed instructions with the clerk of courts to serve the motion and summons by certified mail to Cherrier at the Tullamore address. The mailing was returned "unclaimed" on November 4, 2018. Per Midland's request, the clerk

subsequently sent service of the motion and summons to the Tullamore address by ordinary mail on December 27, 2018. On January 25, 2019, Cherrier filed a motion to quash service of the motion and to dismiss the complaint, arguing the trial court lacked personal jurisdiction to render a judgment against him in 2009 because he was never properly served with the complaint.

{¶ 5} The trial court held a hearing on Midland's motion to revive a dormant judgment and on Cherrier's motions to quash service of summons and to dismiss the complaint. Cherrier testified that he was not living at the Tullamore address in December 2008, when the complaint was filed and service was attempted. (Tr. 12-13.) Cherrier lived temporarily with his mother at that address from sometime in 2007 until July 2008, when he moved to Willoughby, Ohio. (Tr. 13.) Cherrier explained that he moved out of his mother's house because he had a "contentious" relationship with her and they rarely spoke to each other. (Tr. 14.) Cherrier had his mail forwarded from the Tullamore address in July 2008, but did not remember how long the mail was forwarded to his new address. Cherrier testified that he had no knowledge that he had been sued until his mother contacted him when she received Midland's motion to revive a dormant judgment in January 2019. (Tr. 15.)

{¶ 6} Following the hearing, the court denied Midland's motion to revive the dormant judgment and denied Cherrier's motion to quash the service of process relating to Midland's motion to revive a dormant judgment as moot. The court converted Cherrier's motion to dismiss the complaint into a motion for relief from

judgment and denied it. The court found that Cherrier was properly served with the complaint by ordinary mail in January 2009, since the ordinary mail service was sent to his last known address. The court's judgment entry further held that Midland has until May 14, 2024, to file another motion to revive the dormant judgment. This appeal followed.

## II. Law and Analysis

### A. Motion to Vacate

{¶ 7} In the first assignment of error, Cherrier argues the trial court erroneously failed to vacate the default judgment. He contends the default judgment is void because Midland failed to perfect service on him and, therefore, the trial court lacked personal jurisdiction to render a judgment against him. Cherrier also contends the court erred in converting his motion to vacate the default judgment into a motion for relief from judgment under Civ.R. 60(B) because the default judgment was void.

{¶ 8} In the second assignment of error, Cherrier argues the trial court abused its discretion by failing to consider the unrefuted sworn testimony that (1) Cherrier did not reside at the Tullamore address where service was attempted in December 2008 and February 2009, and (2) Cherrier did not receive notice of the lawsuit until Midland attempted to revive the default judgment, almost ten years after Midland attempted to serve him with the complaint and summons. We discuss these assigned errors together because they are closely related.

**{¶ 9}** A trial court cannot render judgment against a defendant over whom it has no personal jurisdiction. "[T]o enter a valid judgment, a court must have personal jurisdiction over the defendant." *Mayfran Intl., Inc. v. Eco-Modity, L.L.C.,* 2019-Ohio-4350, 135 N.E.3d 792, ¶ 9 (8th Dist.), citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). A judgment rendered without personal jurisdiction is void. *GGNSC Lima, L.L.C. v. LMOP, L.L.C.*, 8th Dist. Cuyahoga No. 105910, 2018-Ohio-1298, ¶ 14, citing *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph three of the syllabus.

**{¶ 10}** A court does not acquire personal jurisdiction over a defendant unless and until the defendant is properly served with the complaint and summons or the defendant makes an appearance in the case. *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), syllabus. Since it is undisputed that Cherrier never made an appearance in the case, and Midland never obtained service by certified mail, the issue in this case is whether Cherrier was properly served by ordinary mail.

**{¶ 11}** Service of process, which is governed by Civ.R. 4.1 through 4.6, must be made in a manner reasonably calculated to apprise the defendant of the action and to afford him an opportunity to respond. *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980). As relevant here, Civ.R. 4.6(D) provides that when service of the complaint is returned "unclaimed," the serving party may attempt to serve the defendant by ordinary mail. Under Civ.R.

4.6(D),[1] service by ordinary mail is deemed complete only when "the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Civ.R. 4.6(D).

{¶ 12} The plaintiff bears the burden of obtaining proper service on a defendant. *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997). Where the plaintiff follows the civil rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice. *Hook v. Collins*, 8th Dist. Cuyahoga No. 104825, 2017-Ohio-976, ¶ 14, citing *Carter-Jones Lumber Co. v. Meyers*, 2d Dist. Clark No. 2005 CA 97, 2006-Ohio-5380, ¶ 11. "Where the defendant files a motion to vacate judgment, and swears under oath that he or she did not reside at the address to which process was sent, the presumption is rebutted, and it is incumbent upon the plaintiff to produce evidence demonstrating that defendant resided at the address in question." *Id.*, quoting *Watts v. Brown*, 8th Dist. Cuyahoga No. 45638, 1983 Ohio App. LEXIS 15311, 14-15 (Aug. 4, 1983).

{¶ 13} We review the trial court's judgment regarding the validity of service for an abuse of discretion. *GGNSC Lima, L.L.C.*, 8th Dist. Cuyahoga No. 105910, 2018-Ohio-1298, at ¶ 15. A trial court abuses its discretion when, among other things, it "applies the wrong legal standard, misapplies the correct legal standard, or

---

[1] Civ.R. 4.6(D) governs service of process by regular mail after an attempt of service by certified mail is returned "unclaimed." Civ.R. 4.6(C) provides a slightly less stringent rule after service by certified mail has been "refused." Under Civ.R. 4.6(C), service by ordinary mail is deemed "complete" simply when "the fact of mailing is entered of record."

relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.), citing *Berger v. Mayfield Hts.*, 265 F.3d 399, 402 (6th Cir.2001).

{¶ 14} Cherrier testified under oath at the hearing that he moved away from the Tullamore address in July 2008, because his relationship with his mother was "contentious." (Tr. 13-14.) Since service was not attempted at that address until December 2008, Cherrier moved away from the Tullamore address at least five months before service was attempted. Cherrier testified that he never received the complaint or summons and had no knowledge that he had been sued until January 2019, when his mother received the motion to revive a dormant judgment. (Tr. 14-15.) Cherrier testified that his mother never contacted him to inform him that she received mail in his name from the Cuyahoga County Clerk of Courts in December 2008 or early 2009.

{¶ 15} Midland elicited no testimony and presented no evidence to refute Cherrier's testimony that he did not live at the Tullamore address when process was attempted there. Moreover, the trial court never indicated that it found Cherrier's testimony incredible. Indeed, there is no evidence that the trial court considered Cherrier's testimony at all. The trial court's judgment entry states, in relevant part:

> Upon review of the docket[,] the certified mail receipt came back unclaimed on 1/12/2009 from the Tullamore address. Pursuant to OH Civ. Rule 4.6(D), ordinary mail was then sent to the Tullamore address on 2/2/2009. Service was obtained by mailing it to the last known address by United States mail and was complete upon mailing. OH Civ. Rule 5(B)(2)(c). As such, upon review of the docket, the court finds that

defendant Nathan Cherrier was properly served the initial complaint in this matter.

Thus, the trial court concluded there was valid service simply because Midland mailed the complaint to the Tullamore address by regular mail and the Tullamore address was his last known address. This is not the correct standard. As previously stated, when a defendant testifies under oath that he did not reside at the address where process was sent and that he never received service, the presumption of service is rebutted, and the plaintiff must produce evidence demonstrating that the defendant lived at the address in question. *Hook*, 8th Dist. Cuyahoga No. 104825, 2017-Ohio-976, ¶ 15. The plaintiff, Midland, offered no evidence to refute Cherrier's testimony. Therefore, the presumption of service was rebutted. In the absence of proper service, the trial court lacked personal jurisdiction to render the default judgment against Cherrier and the default judgment is void.

{¶ 16} Trial courts have inherent authority to vacate a void judgment, and a party asserting lack of jurisdiction due to lack of service does not need to meet the requirements of Civ.R. 60(B). *GGNSC Lima, L.L.C.*, 8th Dist. Cuyahoga No. 105910, 2018-Ohio-1298, at ¶ 15. *See also Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph four of the syllabus ("The authority to vacate a void judgment is an inherent power of the court and is not derivative of Civ.R. 60(B)[.]") In other words, "[a] default judgment rendered by a court without obtaining service over the defendant is void, and the party is entitled to vacation of the judgment." *Id.* at ¶ 15, citing *O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650. Therefore, the trial court erred

in converting Cherrier's motion to vacate the default judgment into motion for relief from judgment under Civ.R. 60(B) and abused its discretion in failing to vacate the void default judgment.

{¶ 17} The first and second assignments of error are sustained.

## B.  Dismissal

{¶ 18} In the third assignment of error, Cherrier argues the trial court erred in denying his motion to dismiss the complaint.  He contends the complaint should have been dismissed since the action was not "commenced" within one year of filing.

{¶ 19} Civ.R. 3(A) states that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.]"  Civ.R. 4(E) provides a time limit within which service must be obtained in order to avoid dismissal of the complaint and states, in relevant part:

> If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

{¶ 20} Cherrier provided undisputed evidence that Midland failed to properly serve him within one year of filing the complaint and moved to dismiss the complaint.  Moreover, Cherrier argued in the trial court that the complaint should be dismissed due to insufficiency of process, insufficiency of service of process, and lack of personal jurisdiction pursuant to Civ.R. 12(B)(2) (lack of personal

jurisdiction), Civ.R. 12(B)(4) (insufficiency of process), and Civ.R. 12(B)(5) (insufficiency of service of process).

{¶ 21} Lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process are affirmative defenses that may be raised in a motion to dismiss. *See* Civ.R. 12(B)(2), (4), and (5). Indeed, dismissal pursuant to a motion filed under Civ.R. 12(B)(2), (4), and (5) is appropriate when a plaintiff fails to perfect service within the one-year period set forth in Civ.R. 3(A). *Lewis v. Moore*, 10th Dist. Franklin No. 16AP-775, 2017-Ohio-4049, ¶ 11, citing *Craig v. Reynolds*, 10th Dist. Franklin No. 14AP-125, 2014-Ohio-3254; *Sheets v. Sasfy*, 10th Dist. Franklin No. 98AP-539, 1999 Ohio App. LEXIS 202 (Jan. 26, 1999); *Coke v. Mayo*, 10th Dist. Franklin No. 98AP-550, 1999 Ohio App. LEXIS 346 (Feb. 4, 1999); *In re Moore*, 14 Ohio App.3d 264, 470 N.E.2d 916 (10th Dist.1984), syllabus.

{¶ 22} However, Civ.R. 41(B)(4) provides that a dismissal for lack of personal or subject matter jurisdiction "shall operate as a failure otherwise than on the merits." Ordinarily, a dismissal "otherwise than on the merits" is a dismissal without prejudice and does not prevent a party from refiling the complaint, unless the refiling of the complaint is barred for some other reason such as the expiration of the statute of limitations. *Natl. City Commercial Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, ¶ 8; *Thomas v. Freeman*, 79 Ohio St.3d 221, 225, 680 N.E.2d 997 (1997), *Anderson v. Borg-Warner Corp.*, 8th Dist. Cuyahoga Nos. 80551 and 80926, 2003-Ohio-1500, ¶ 27 (Asbestos claims were barred by statute of limitations where plaintiffs failed to

obtain service on the defendants within one year of filing their complaint.). Therefore, the trial court should have dismissed the complaint without prejudice pursuant to Civ.R. 12(B)(2), 12(B)(4), and 12(B)(5) and allowed Midland to determine whether it was appropriate to refile the complaint.

{¶ 23} Judgment reversed. We remand the case to the trial court to vacate the default judgment and dismiss the complaint without prejudice.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN T. GALLAGHER, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR