[Cite as *Hathaway Brown School v. Cummings*, 2023-Ohio-374.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| HATHAWAY BROWN SCHOOL, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 111566 |
| DESMOND CUMMINGS, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 9, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-14-825746

***Appearances:***

Weltman, Weinberg & Reis Co., L.P.A., and Robert B. Weltman, *for appellee.*

Taft Stettinius & Hollister, James D. Abrams, and David C. Roper, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Appellant Desmond Cummings ("Cummings") appeals the trial court's order denying his motion to vacate default judgment rendered in favor of appellee Hathaway Brown School ("Hathaway Brown"). After reviewing the facts of the case and the pertinent law, we reverse.

## I. Facts and Procedural History

{¶ 2} On April 23, 2014, Hathaway Brown filed a complaint asserting a claim for breach of contract against Cummings and Kimberly Cummings.[1] The complaint listed Cummings's address as: 4676 E. 178th Street Cleveland, Ohio 44128. The record reflects that Hathaway Brown sent a copy of the complaint via certified mail to Cummings at this address on April 28, 2014, which was unclaimed.

{¶ 3} Hathaway Brown filed a request for service by ordinary mail on June 2, 2014. The complaint was sent by ordinary mail to Cummings at 4676 East 178th Street Cleveland, Ohio 44128, on June 4, 2014.

{¶ 4} Cummings did not answer or otherwise respond to Hathaway Brown's complaint. On July 8, 2014, Hathaway Brown moved for default judgment, which was granted by the trial court on August 13, 2014.

{¶ 5} Cummings moved the trial court to "Reopen, Vacate the Default Judgment Order, and Dismiss All Claims" on April 11, 2022. In that motion, Cummings claimed he was never properly served with Hathaway Brown's complaint, "meaning the default judgment against him is void ab initio." Cummings attached an affidavit to this motion, which stated that he "was never served with Hathaway Brown's complaint at any time prior to January 26, 2022." Further, he

> lived at 6799 Broadview Road, Seven Hills, OH 43131 from June 2013 to February 2016; 9261 Shady Lake Dr., Apt. 104, Streetsboro, OH 44241 from June 2016 to December 2016; 3768 Sunrise Lake Circle, Columbus, OH 43219 from October 2017 to June 2020; 6472 Helber Drive F, Columbus, OH 43230 from June 2020 through June 2021;

---

[1] Kimberly Cummings is not a party to the instant appeal.

and 3178 Deermeadow Way, Powell, OH 43065 from June 2021 through the present.

**{¶ 6}** The trial court denied Cummings's motion. It is from this order that Cummings appeals.

## II. Law and Analysis

**{¶ 7}** Cummings raises the following two assignments of error:

The trial court erred in summarily denying Mr. Cummings' Motion to Reopen, Vacate, and Dismiss.

The trial court erred in enforcing the enrollment contract against Mr. Cummings when the evidence showed that he did not agree to the terms set forth in that document.

**{¶ 8}** "Trial courts have inherent authority to vacate a void judgment, and a party asserting lack of jurisdiction due to lack of service does not need to meet the requirements of Civ.R. 60(B)." (Citations omitted.) *Midland Funding, L.L.C. v. Cherrier*, 8th Dist. Cuyahoga No. 108595, 2020-Ohio-3280, ¶ 16. Here, Cummings asserts that the trial court lacked jurisdiction over him because he was never properly served with Hathaway Brown's complaint. Therefore, we review whether the trial court erred in finding that Hathaway Brown properly served Cummings when it denied his motion to vacate.

**{¶ 9}** Appellate courts review a trial court's decision regarding the validity of service for an abuse of discretion. *GGNSC Lima, L.L.C. v. LMOP, L.L.C.*, 8th Dist. Cuyahoga No. 105910, 2018-Ohio-1298, ¶ 15. The term abuse of discretion "implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 10} "[T]o enter a valid judgment, a court must have personal jurisdiction over the defendant." *Mayfran Internatl., Inc. v. Eco-Modity, L.L.C.*, 2019-Ohio-4350, 135 N.E.3d 792, ¶ 9 (8th Dist.), citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). A judgment is void if it was rendered without personal jurisdiction. *GGNSC Lima* at ¶ 14, citing *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph three of the syllabus. "A court does not acquire personal jurisdiction over a defendant unless and until the defendant is properly served with the complaint and summons or the defendant makes an appearance in the case." *Midland Funding* at ¶ 10, citing *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), syllabus.

{¶ 11} Obtaining proper service upon the defendant is the plaintiff's burden. *Hook v. Collins*, 8th Dist. Cuyahoga No. 104825, 2017-Ohio-976, ¶ 14, citing *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997). "Where the plaintiff follows the civil rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice." (Citations omitted.) *Midland Funding*, 8th Dist. Cuyahoga No. 108595, 2020-Ohio-3280, at ¶ 12.

{¶ 12} The "presumption of proper service may be rebutted by evidence that the defendant did not reside, nor received mail, at the address to which such ordinary mail service was addressed." *Hook* at ¶ 15, citing *McWilliams v. Schuma*cher, 8th Dist. Cuyahoga Nos. 98188, 98288, 98390, and 98423, 2013-Ohio-29, ¶ 49, citing *Cent. Ohio Sheet Metal, Inc. v. Walker*, 10th Dist. Franklin

No. 03AP-951, 2004-Ohio-2816, ¶ 10. The crux of this analysis is that for a defendant "to rebut the presumption of proper service, the [defendant] must produce evidentiary-quality information demonstrating that he or she did not receive service." *McWilliams* at ¶ 51.

{¶ 13} If the defendant rebuts the presumption, "'it is incumbent upon the plaintiff to produce evidence demonstrating that defendant resided at the address in question.'" *Hook* at ¶ 15, quoting *Watts v. Brown*, 8th Dist. Cuyahoga No. 45638, 1983 Ohio App. LEXIS 15311, 14-15 (Aug. 4, 1983).

{¶ 14} On appeal, Hathaway Brown argues that "while [Cummings's] affidavit stated that he 'lived at the 655 Rolling Brooke Way' address for a time, nothing in the carefully crafted Affidavit states that he was not otherwise receiving mail at the 4676 East 178 Streets address" where service was attempted.

{¶ 15} In his affidavit, Cummings attested to the fact that he did not live at the East 178th Street address in 2014. Hathaway Brown attempted service at the East 178th Street address in 2014. Further, in his affidavit Cummings stated that he had not been served with Hathaway Brown's complaint until January 26, 2022.

{¶ 16} Though Cummings did not affirmatively state that he did not receive mail at the East 178th Street address in 2014, we find his affidavit sufficient to rebut the presumption of service. At that point, it became incumbent upon Hathaway Brown to produce evidence that Cummings did reside at that address at the time of service. Hathaway Brown did not produce any such evidence. Further, Hathaway Brown did not produce any evidence to rebut Cummings's statement that he had not

been served with its complaint until January 26, 2022. Our review of the trial court record reveals that Hathaway Brown provided numerous documents attached to an affidavit from Hathaway Brown's attorney in response to Cummings's motion to vacate. One of those documents appears to be an automotive credit agreement in Cummings's name from March 25, 2016, which purported to show that Cummings lived in Cleveland. While most of the information is redacted, the document shows that Cleveland was listed as part of Cummings's address and that his "time at residence" there was listed as ten years. However, Hathaway Brown did not produce any evidence to the trial court that Cummings lived at 4676 East 178th Street Cleveland, Ohio 44128 when it attempted service there in 2014.

{¶ 17} Accordingly, the trial court abused its discretion when it determined that service was proper by denying Cummings's motion.

{¶ 18} Cummings's first assignment of error is sustained. Our resolution of Cummings's first assignment of error renders his second assignment moot.

{¶ 19} Judgment reversed. The case is remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

ANITA LASTER MAYS, A.J., and
MARY J. BOYLE, J., CONCUR