[Cite as *Margiman v. Dowdell*, 2025-Ohio-377.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

AUREL MARGIMAN, ET AL.,                  :

    Plaintiffs-Appellees,          :

                                No. 114202

    v.                             :

TINA DOWDELL,                            :

    Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 6, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-02-472676

---

### *Appearances:*

Tina Dowdell, *pro se.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant, Tina Dowdell ("Dowdell"), appeals the trial court's denial of her motion to vacate a default judgment. We find the trial court did not abuse its discretion in denying Dowdell's motion, and therefore affirm the trial court's denial of Dowdell's motion to vacate default judgment.

## I. Facts and Procedural History

{¶ 2} The record reflects that on June 7, 2002, plaintiffs-appellees State Farm Automobile Insurance Co., Aurel Margiman, and Lucinda Ward (collectively "State Farm parties") filed a complaint to recover a debt against Dowdell. The clerk of the Cuyahoga County Common Pleas Court sent service of the complaint to Dowdell by certified mail to 11826 McGowan, Cleveland, Ohio (the "McGowan address"). The service was returned to the clerk marked unclaimed on July 12, 2002. On July 24, 2002, the clerk sent service of the complaint to Dowdell by ordinary mail. The ordinary mail service was not sent back, and Dowdell did not file an answer. The trial court granted State Farm's motion for default judgment on September 30, 2002, and judgment was entered in favor of the State Farm parties and against Dowdell in the amount of $5,138.59, with interest as allowed by law, plus costs.

{¶ 3} Almost 22 years later, Dowdell discovered the judgment against her while attempting to obtain a driver's license at the Ohio Bureau of Motor Vehicles. On May 22, 2024, Dowdell filed a motion to vacate the default judgment. Attached to Dowdell's motion was an unsigned but notarized affidavit stating that she had not lived at the McGowan address for a year prior to service of the complaint. On June 27, 2024, the trial court denied Dowdell's motion to vacate, stating:

> Deft's pro se motion to vacate void judgment filed 05/22/2024, is denied. (1) Deft filed an unsigned affidavit with a notary attestation. (2) Deft must challenge judgment in compliance with Civ.R. 60(B)[.] (3) Deft must serve the opposing party with the motion. Clerk of Courts

to serve a copy of this order to: tinadowdell.3652@gmail.com so ordered. Notice issued.

**{¶ 4}** The present appeal stems from this order.

## II. Law and Analysis

**{¶ 5}** Appellant raises the following assignment of error for our review:

The trial court erred by denying appellant's motion to vacate void judgment when service of the complaint was never perfected upon appellant thus depriving the trial court of jurisdiction.

Dowdell also argues that the trial court erred when it directed her to challenge the judgment in compliance with Civ.R. 60(B) and to serve the parties.

**{¶ 6}** "'[T]o enter a valid judgment, a court must have personal jurisdiction over the defendant.'" *Midland Funding, L.L.C. v. Cherrier*, 2020-Ohio-3280, ¶ 9 (8th Dist.), quoting *Mayfran Internatl., Inc. v. Eco-Modity, L.L.C.*, 2019-Ohio-4350, ¶ 9 (8th Dist.), citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). A judgment rendered without personal jurisdiction is void. *GGNSC Lima, L.L.C. v. LMOP, L.L.C.*, 2018-Ohio-1298, ¶ 14 (8th Dist.), citing *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph three of the syllabus.

**{¶ 7}** A court acquires personal jurisdiction over a defendant when (1) the defendant is properly served with the complaint and summons, (2) the defendant makes a voluntary appearance in the case, or (3) "limited acts by the party or his counsel that involuntarily submit him to the court's jurisdiction." *GGNSC Lima* at ¶ 14; *Austin v. Payne*, 107 Ohio App.3d 818, 821 (9th Dist. 1995), citing *Maryhew* at 156.

{¶ 8} Service of process is governed by Civ.R. 4.1 through 4.6. Civ.R. 4.1(A)(1)(a) authorizes service within this State to be sent by the clerk's office via certified mail by the United States Postal Service. If the certified mail is returned with an endorsement stating that the envelope was unclaimed, then the attorney can request that service be sent by ordinary mail. "Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Civ.R. 4.6(D).

{¶ 9} The plaintiff bears the burden of obtaining proper service on a defendant. *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63 (1st Dist. 1997). Where the plaintiff follows the civil rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice. *Hook v. Collins*, 2017-Ohio-976, ¶ 14 (8th Dist.), citing *Carter-Jones Lumber Co. v. Meyers*, 2006-Ohio-5380, ¶ 11 (2d Dist.). """Where the defendant files a motion to vacate judgment, and swears under oath that he or she did not reside at the address to which process was sent, the presumption is rebutted, and it is incumbent upon the plaintiff to produce evidence demonstrating that defendant resided at the address in question.""" *Midland Funding*, 2020-Ohio-3280, at ¶ 9 (8th Dist.), quoting *Hook* at ¶ 15, quoting *Watts v. Brown*, 1983 Ohio App. LEXIS 15311, *14-15 (8th Dist. Aug. 4, 1983).

{¶ 10} The "presumption of proper service may be rebutted by evidence that the defendant did not reside, nor received mail, at the address to which such

ordinary mail service was addressed." *Hook* at ¶ 15, citing *McWilliams v. Schumacher*, 2013-Ohio-29, ¶ 49 (8th Dist.), citing *Cent. Ohio Sheet Metal, Inc. v. Walker*, 2004-Ohio-2816, ¶ 10 (10th Dist.). "[T]o rebut the presumption of proper service, the [defendant] must produce evidentiary-quality information demonstrating that he or she did not receive service." *McWilliams* at ¶ 51; *Hathaway Brown School v. Cummings*, 2023-Ohio-374, ¶ 12 (8th Dist.). An unsigned affidavit has no evidentiary value. *Morrison v. Kemper Ins. Co.*, 2003-Ohio-5655, ¶ 6 (8th Dist.); *State ex rel. Dawson v. Bloom-Carroll Local School Dist.*, 131 Ohio St.3d 10 (2011).

{¶ 11} The trial court's judgment regarding the validity of service is reviewed for an abuse of discretion. *Midland Funding* at ¶ 13, citing *GGNSC Lima*, 2018-Ohio-1298, at ¶ 15 (8th Dist.). A court abuses its discretion when it "'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *Id.*, quoting *Thomas v. Cleveland*, 2008-Ohio-1720, ¶ 15 (8th Dist.), citing *Berger v. Mayfield Hts.*, 265 F.3d 399, 402 (6th Cir. 2001).

{¶ 12} In this case, the clerk sent service of the complaint to Dowdell by certified mail with the United States Postal Service. The certified mail service was returned marked "unclaimed." The clerk then sent the service by ordinary mail on July 24, 2002, and, per Civ.R. 4.6, service on Dowdell was perfected on that date. When she did not file an answer, the court granted State Farm's motion for default judgment.

{¶ 13} Dowdell filed a motion to vacate default judgment on May 22, 2024, attaching an unsigned affidavit in support. The unsigned affidavit, having no evidentiary value, could not be considered by the court. Thus, there was no evidence before the trial court that rebutted the presumption that Dowdell was properly served by State Farm at the McGowan address on July 24, 2002, and the trial court had personal jurisdiction to enter a default judgment against her. Therefore, the trial court did not err when denying Dowdell's motion to vacate.

{¶ 14} Dowdell argues the trial court erred when it instructed her to challenge the default judgment by filing a Civ.R. 60(B) motion rather than a motion to vacate. "[T]he authority to vacate a void judgment is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." *Patton*, 35 Ohio St.3d 68 (1988), at paragraph four of the syllabus, citing *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61 (1956), paragraph one of the syllabus; *Westmoreland v. Valley Homes Mut. Housing Corp.*, 42 Ohio St.2d 291, 294 (1975). The trial court has the inherent power to vacate a void judgment. *Id.* Although a motion to vacate is the proper method to challenge a void judgment, we find the trial court's instructions to challenge the default judgment by filing a motion under Civ.R. 60(B) is harmless error.

{¶ 15} Dowdell also argues that she properly served the State Farm parties with her motion to vacate. Civ.R. 5(1) states that "[i]f a party is represented by an attorney, service under this rule shall be made on the attorney unless the court orders service on the party." The record reflects that Dowdell served the attorney

who represented the State Farm parties 22 years prior, and each of the three plaintiffs individually. The trial court ordered that "Deft must serve the opposing party with the motion." (Judgment entry, June 27, 2024.) Although not clear, it appears the trial court was merely instructing Dowdell to serve future motions on the individual parties. Service of the motion does not appear to be the reason for the denial of the motion.

{¶ 16} Therefore, we find the trial court did not abuse its discretion when it denied Dowdell's motion to vacate default judgment.

{¶ 17} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

MICHAEL JOHN RYAN, P.J., and
ANITA LASTER MAYS, J., CONCUR