[Cite as *ShiftMed, L.L.C. v. Westchester Parkway Consulting, L.L.C.*, 2025-Ohio-1554.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SHIFTMED, LLC,                                         :

      Plaintiff-Appellee,                     :

                                 No. 114351

      v.                                                      :

WESTCHESTER PARKWAY                      :
CONSULTING, LLC, ET AL.,

                                 :

      Defendants.

[Appeal by Samuel Goldner,                       :

      Defendant-Appellant.]

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 1, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-978544

---

### *Appearances:*

Schulze, Cox & Will, and Jesse Mosser, *for appellee.*

Weyles Peters + Chuparkoff, LLC, and Timothy J. Weyls,
Jr., *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant, Samuel Goldner ("Goldner"), appeals the trial court's denial of his Civ.R. 60(B) motion for relief from judgment. Goldner claims that he was never served with the summons and complaint in this matter and, therefore, the default judgment entered against him is void. Goldner asserts the following assignments of error for review:

(1) The trial court erred in not vacating the default judgment against Mr. Goldner because without having service on Mr. Goldner, the court did not have jurisdiction over him, rendering the default judgment void *ab initio*.

(2) The trial court erred in granting ShiftMed, LLC a default judgment against Mr. Goldner on an equitable claim that arose from the same facts and had the same damages alleged by ShiftMed, LLC on its breach of contract claim against other parties, and upon which ShiftMed, LLC had already obtained judgment.

(3) The trial court erred by granting ShiftMed, LLC a default judgment against Mr. Goldner on an equitable claim when it previously granted ShiftMed, LLC default judgment on its breach of contract claims against contracting parties for the exact same damages.

(4) The trial court abused its discretion in finding that Goldner failed to satisfy the requirements of Ohio Civil Rule 60(B).

{¶ 2} Based on the record in this case, service of process was not established, the trial court lacks personal jurisdiction, and the default judgment is void. Therefore, the trial court's order denying relief from judgment is reversed.

## I. Substantive Facts and Procedural History

### A. Factual Background

{¶ 3} Plaintiff-appellee, ShiftMed, L.L.C. ("ShiftMed"), is a professional healthcare staffing agency based in Virginia that provides nurses and nursing assistants to long-term care facilities across the country. Defendant Goldner Capital Management, L.L.C. ("Goldner Capital"), is a Delaware limited liability company that invests in and operates long-term care facilities across the United States. Goldner is a resident of New York and the managing member of Goldner Capital.

{¶ 4} In its complaint, ShiftMed alleges that representatives of Goldner Capital contacted it about providing nursing services at its long-term care facilities. Subsequently, ShiftMed executed individual contracts with three long-term care facilities located in Northeast Ohio: Westchester Parkway Consulting, L.L.C. ("Westchester"); Strat Op, L.L.C. ("Strat Op"); and Westlake Acres Nursing & Rehabilitation Center, L.L.C. ("Westlake Acres") (collectively "defendant facilities"). Goldner, Goldner Capital, and other nonparty investors own the defendant facilities.

{¶ 5} In May 2022, ShiftMed issued invoices for payment to the defendant facilities through Quality Healthcare Resources, L.L.C. ("Quality"). Quality is a revenue cycle management and financial services company for skilled-nursing facilities and is the company responsible for processing billing invoices for the defendant facilities. Quality is not a party to this litigation.

{¶ 6} Quality issued checks to ShiftMed for these invoices, but subsequently, the checks bounced. ShiftMed alleges that Goldner Capital or

Goldner instructed Quality to stop payment on these checks. According to ShiftMed, defendants owed it a total of $487,929.09 plus prejudgment interest at the rate of 1.5 percent per month for past-due invoices. At some point during 2023, the defendant facilities ceased operations.

**B.   Procedural History**

{¶ 7}   ShiftMed filed a complaint against the defendant facilities, Goldner Capital, and Goldner in April 2023, alleging breach of contract against the defendant facilities and unjust enrichment against Goldner Capital and Goldner individually.

**1. Default judgment against the defendant facilities and Goldner Capital**

{¶ 8}   ShiftMed obtained service on Goldner Capital, Westchester, Westlake Acres, and Strat Op. Westlake Acres filed an answer but was voluntarily dismissed from the case with prejudice. Goldner Capital, Westchester, and Strat Op failed to plead or otherwise respond to the complaint, and thus, ShiftMed moved for default judgment against them, which the trial court granted. Goldner Capital, Westchester, and Strat Op have not sought to vacate the default judgments against them and are not parties to this appeal.

**2. Default judgment against Goldner**

{¶ 9}   On April 26, 2023, ShiftMed initially attempted service of the complaint by certified mail to Goldner at an address on 46th Street, Brooklyn, New York. This attempt was unsuccessful. Subsequently, on June 21, 2023, ShiftMed attempted service of the complaint to Goldner by certified mail at an address in

Lawrence, New York (hereinafter "Lawrence Address"). ShiftMed believed this address to be Goldner's personal residence. The returned certified mail receipt indicates that the summons and complaint were delivered on June 23, 2023, and contains an unidentified signature.

{¶ 10} When Goldner failed to answer or otherwise plead, ShiftMed filed for default judgment against him. The trial court entered a default judgment in the amount of $482,252.60 against Goldner in September 2023.

### 3. Goldner's efforts to vacate the default judgment against him

{¶ 11} Goldner alleges that he first learned about this action when ShiftMed instituted a collection action against him in New York in January 2024. Goldner obtained legal counsel in Ohio and, in late January 2024, filed a combined motion to vacate the default judgment, motion for relief from judgment, and motion to reconsider seeking relief from the default judgment.

{¶ 12} With his motion, Goldner submitted a sworn affidavit averring that he had not resided at the Lawrence Address since October 2021 — almost two years prior to attempted service in this matter. He also attested that he never owned the Lawrence Address residence. Goldner further attested that he did not receive the summons and complaint in this matter and that he first learned of this action in January 2024 when a collection action was filed by ShiftMed in New York. Goldner further averred that he did not receive copies of the summons and complaints directed to the defendant facilities.

**{¶ 13}** The trial court held an evidentiary hearing on Goldner's motion in July 2024. Goldner testified that he had lived in Brooklyn, New York, since May 2022. Prior to that time, he lived in Far Rockaway, New York from October 2021 to May 2022. Goldner testified that he lived at the Lawrence Address prior to October 2021. He testified that the Lawrence Address is owned by his mother and is occupied by her and his sister. ShiftMed introduced no evidence contradicting these statements.

**{¶ 14}** Goldner also testified that his mother would give him documents sent to the Lawrence Address "if she got them" and "thought to give them to me." Goldner testified, however, that he never received the complaint in this matter from his mother or anyone else including the statutory agents for defendant facilities and Goldner Capital. Goldner confirmed that the certified mail receipt indicates that the summons and complaint were sent to the Lawrence Address but testified that he was unaware of who signed for them and repeated that he never received them.

**{¶ 15}** Also, at the hearing, ShiftMed introduced numerous documents demonstrating Goldner's past use of the Lawrence Address as a business address for long-term care facilities across the country as well as contact information for his legal counsel on previous lawsuits. ShiftMed also introduced documents demonstrating past efforts of Goldner to evade service in other lawsuits as well as Goldner's past "abandonment" of lawsuits and subsequent motions by his legal counsel to withdraw from these lawsuits. Goldner explained that the Lawrence Address was used prior to his move or in error by counsel.

{¶ 16} On August 27, 2024, the trial court issued an order indicating that it considered Goldner's "Motion to Set Aside Default Judgment filed 01/30/24" as well as the evidence presented at the hearing and motions filed by the parties but only denied Goldner's motion for relief from judgment. The court held, "[T]he court finds that Defendant has not satisfied the requirements of Civ.R. 60(B). As such, the court denies Defendant's Motion for Relief from Judgment pursuant to Civ.R. 60(B)." The trial court did not make a specific ruling on Goldner's motion to vacate. This appeal follows.

## II. Law and Analysis

{¶ 17} In his first assignment of error, Goldner asserts that the trial court erred in not vacating the default judgment entered against him because he was never effectively served with the summons and complaint in this matter. Thus, the default judgment is void for lack of personal jurisdiction and should be set aside by the court. We will first address the proper procedure for challenging a judgment on the grounds that it is void due to lack of service. Then we will address whether ShiftMed effectively served Goldner with the summons and complaint in this matter.

### A. Motion to Vacate Versus Civ.R. 60(B) Motion for Relief From Judgment

{¶ 18} On its face, the final appealable order in this matter arises from the lower court's denial of Goldner's Civ.R. 60(B) motion for relief from judgment. Goldner, however, also filed a motion to vacate the default judgment on the grounds that it was void. An appellate court reviews the denial of either a Civ.R. 60(B)

motion or a motion to vacate a void judgment for an abuse of discretion. *Univ. Heights v. Allen*, 2019-Ohio-2908, ¶ 12 (8th Dist.). An abuse of discretion occurs when a court """applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.""" *Margiman v. Dowdell*, 2025-Ohio-377, ¶ 11 (8th Dist.), quoting *Thomas v. Cleveland*, 2008-Ohio-1720, ¶ 15 (8th Dist.), quoting *Berger v. Mayfield*, 265 F.3d 399 (6th Cir. 2001). Courts do not have discretion to erroneously apply the law. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 39.

{¶ 19} This court follows the well-established precedent that "'[a court's] authority to vacate a void judgment is not derived from Civ.R. 60(B) but, rather, constitutes an inherent power possessed by Ohio courts.'" *King v. Water's Edge Condo. Unit Owners' Assoc.,* 2021-Ohio-1717, ¶ 20 (8th Dist.), quoting *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of the syllabus. The proper procedure to challenge a void judgment is a common law motion to vacate. *Kassouf v. Barylak,* 2023-Ohio-314, ¶ 18 (8th Dist.). Thus, the requirements of Civ.R. 60(B) are not applicable and do not need to be satisfied by a defendant seeking to set aside a default judgment because the trial court lacks jurisdiction due to improper service of process. *King* at ¶ 20, citing *GGNSC Lima, L.L.C. v. LMOP, L.L.C.*, 2018-Ohio-1298, ¶ 15 (8th Dist.), citing *Patton* at *id.* Instead, a defendant only needs to establish lack of proper service. *Id.*

{¶ 20} Accordingly, while the final appealable order in this matter arises from the trial court's denial of Goldner's Civ.R. 60(B) motion for relief from

judgment, this court will treat it as a denial of Goldner's motion to vacate and we will not address the requirements of Civ.R. 60(B). Further, to the extent the lower court's denial to vacate the default judgment entered against Goldner was based upon a perceived failure by him to satisfy the requirements of Civ.R. 60(B), we find that the lower court abused its discretion by applying the wrong legal standard. We now turn to the crux of Goldner's appeal and address whether he was properly served in this matter based upon our review of the record.

**B. Service of Process Upon Goldner**

{¶ 21} "Service of the summons and complaint "'is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."'" *During v. Quoico*, 2012-Ohio-2990, ¶ 25 (10th Dist.), quoting *Omni Capital Internatl., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987), quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-445 (1946). "In the absence of service of the process or the waiver of service by the defendant, a court ordinarily may not exercise power over a party the complaint names as a defendant." *Id.,* citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). A default judgment rendered without effective service of process is a nullity and void for lack of personal jurisdiction. *Kassouf* at ¶ 19; *King* at ¶ 18-19. "Therefore, '[a] person against whom such judgment and findings are made is entitled to have the judgment vacated.'" *Kassouf* at ¶ 19, quoting *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 184 (1990).

{¶ 22} A court acquires jurisdiction over a party in one of three ways: (1) proper and effective service of process; (2) voluntary appearance by the party; or (3) limited acts by the party of his counsel that involuntarily submit the party to the court's jurisdiction. *Id.* at ¶ 19. Therefore, "where the plaintiff has not perfected service on a defendant and the defendant has not appeared in the case or otherwise waived service, the court lacks jurisdiction to render a default judgment against the defendant." *Id.*, citing *Professional Bank Servs. v. Abboud*, 2015-Ohio-1651, ¶ 12 (8th Dist.), citing *Rite Rug Co., Inc. v. Wilson*, 106 Ohio App.3d 59, 62 (10th Dist. 1995). A trial court's judgment regarding the validity of service is reviewed for an abuse of discretion. *Margiman*, 2025-Ohio-377, at ¶ 11 (8th Dist.), citing *Midland Funding, L.L.C. v. Cherrier*, 2020-Ohio-3280, ¶ 13 (8th Dist.).

### 1. ShiftMed's initial burden and the presumption of proper service

{¶ 23} A plaintiff bears the burden of obtaining proper service on a defendant. *Margiman* at ¶ 9. "To be effective, service of process must comport with the requirements of due process." *King,* 2021-Ohio-1717, at ¶ 22 (8th Dist.), citing *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403 (1980), syllabus. "'"Service of process is consistent with due process standards where it is reasonably calculated, under the circumstances, to give interested parties notice of a pending action and an opportunity to appear."'" *Id.,* quoting *Lauver v. Ohio Valley Selective Harvesting*, L.L.C., 2017-Ohio-5777, ¶ 17 (8th Dist.), quoting *Motorists Mut. Ins. Co. v. Roberts*, 2014-Ohio-1893, ¶ 32 (12th Dist.). "Where the plaintiff

follows the civil rules governing service of process, courts presume that service is proper . . . ." *Hook v. Collins*, 2017-Ohio-976, ¶ 14 (8th Dist.).

{¶ 24} Service upon an individual must be made at their "usual place of residence." *Broadvox L.L.C. v. Oreste*, 2024-Ohio-340, ¶ 13 (8th Dist.); *Professional Bank Servs. v. Abboud*, 2019-Ohio-2921, ¶ 12 (8th Dist.). Civ.R. 4.1(A) generally provides that service may be made by certified or express mail, personal service, or residential service. Civ.R. 4.3, which governs service upon an out-of-state defendant, allows for service of process to be served in the same manner as provided for in Civ.R. 4.1.

{¶ 25} In this matter, service of the summons and complaint was made by certified mail to the Lawrence Address pursuant to Civ.R. 4.1(A) and 4.3. ShiftMed believed that this was Goldner's personal residence. The certified mail receipt was returned and marked as delivered on June 23, 2023. Accordingly, ShiftMed complied with the civil rules governing service of process and is entitled to a presumption of proper service.

## 2. Goldner's rebuttal of the presumption of proper service

{¶ 26} While we presume that service was proper at this juncture, Goldner is entitled to attempt to rebut this presumption with sufficient evidence of nonservice. *Cherrier,* 2020-Ohio-3280, at ¶ 12 (8th Dist.), citing *Hook,* 2017-Ohio-976, at ¶ 14 (8th Dist.). Indeed, "'[a] failure of service, may * * * occur where "the defendant does not receive the summons and complaint, even though the plaintiff complied with the civil rules and service was made at an address where the plaintiff

could reasonably anticipate that the defendant would receive it.'"'" *King,* 2021-Ohio-1717, at ¶ 26, quoting *Chuang Dev. L.L.C. v. Raina,* 2017-Ohio-3000, ¶ 32 (10th Dist.), quoting *Erin Capital Mgmt. v. Fournier,* 2012-Ohio-939, ¶ 19 (10th Dist.); *see also Rafalski v. Oates,* 17 Ohio App.3d 65, ¶ 67 (8th Dist.) (holding because defendant never received the summons and complaint, she was entitled to have the judgment against her vacated even where the plaintiff complied with the civil rules and service was made at an address where the plaintiff could reasonably anticipated that the defendant would receive it). "'[T]o rebut the presumption of proper service, the [defendant] must produce evidentiary-quality information demonstrating that he or she did not receive service.'" *Margiman,* 2025-Ohio-377, at ¶ 10 (8th Dist.), quoting *McWilliams v. Schumacher,* 2013-Ohio-29, ¶ 51 (8th Dist.). "The 'presumption of proper service may be rebutted by evidence that the defendant did not reside, nor received mail, at the address to which ordinary mail service was addressed.'" *Id.* at ¶ 10, quoting *Hook* at ¶ 15, citing *McWilliams* at ¶ 49, citing *Cent. Ohio Sheet Metal, Inc. v. Walker,* 2004-Ohio-2816, ¶ 10 (10th Dist.). Further, "'"[w]here the defendant files a motion to vacate judgment, and swears under oath that he or she did not reside at the address to which process was sent, the presumption is rebutted."'" *Abboud,* 2019-Ohio-2921, at ¶ 10 (8th Dist.), quoting *Hook* at ¶ 15, quoting *Watts v. Brown,* 1983 Ohio App. LEXIS 15311, *14-15 (8th Dist.). "When the movant's motion to vacate contains allegations of operative facts that would warrant relief, the trial court should grant a hearing on such motion." *Id.* at ¶ 10.

{¶ 27} In the lower court, Goldner submitted a sworn affidavit stating that he did not reside at the Lawrence Address when service of process was delivered by certified mail. He had not resided there since 2021 — approximately two years prior to the institution of this matter. Goldner also averred that he did not receive the summons and complaint in this matter prior to the filing of ShiftMed's collection action in New York. On these facts, Goldner successfully rebutted the presumption of proper service and has shifted the burden back to ShiftMed to demonstrate that he had, in fact, been properly served.

### 3. Restoration of ShiftMed's original burden to demonstrate proper service

{¶ 28} If a defendant rebuts the presumption, "'it is incumbent upon the plaintiff to produce evidence demonstrating that defendant resided at the address in question.'" *Hook* at ¶ 15, quoting *Watts v. Brown*, 1983 Ohio App. LEXIS 15311, *14-15 (8th Dist.); *accord Tomcho v. ATL, Inc.*, 2018-Ohio-4613, ¶ 20 (8th Dist.); *Cherrier*, 2020-Ohio-3280, at ¶12 (8th Dist.). Additionally, "actual knowledge of the lawsuit is irrelevant in determining the sufficiency of service of process." *State ex rel. Strothers v. Madden*, 1998 Ohio App. LEXIS 5006, *4 (8th Dist.), citing *Bell v. Midwestern Educational Services, Inc.*, 89 Ohio App.3d 193, 203 (2d Dist. 1993). As stated by the Ohio Supreme Court, "[i]naction upon the part of a defendant who is not served with process, even though he might be aware of the filing of the action does not dispense with the necessity of service." *Maryhew v. Yova*, 11 Ohio St.3d 154, 157 (1984); *see also Haley v. Haley*, 93 Ohio St. 49, 52 (1915); *see, e.g., Potts v.*

*Simpkins*, 2010-Ohio-1437, ¶ 12-13 (8th Dist.) (reversing trial court's denial of a motion for relief from judgment because while defendant was likely aware of the lawsuit, he was never effectively served).

{¶ 29} While the testimony elicited by ShiftMed during the evidentiary hearing below indicates that Goldner may have known of the existence of this lawsuit, it does not establish that Goldner resided at the Lawrence Address at the time service was attempted or did in fact receive service of the complaint. ShiftMed failed to introduce any evidence that refuted Goldner's testimony that he did not reside at the Lawrence Address at the time of attempted service in this matter or received service of the complaint. Therefore, ShiftMed failed to satisfy its burden to establish that proper service was made on Goldner. *See Cherrier*, 2020-Ohio-3280, at ¶ 15 (8th Dist.) (plaintiff elicited no testimony and presented no evidence to refute defendant's testimony that he did not live at the address in question; thus, it was proper to vacate default judgment); *Hathaway Brown School v. Cummings*, 2023-Ohio-374, ¶ 11-17 (8th Dist.) (plaintiff's failure to produce any evidence to rebut defendant's testimony that he did not live at the address in question entitled defendant to have judgment set aside).

{¶ 30} ShiftMed argues that the judgment below should be affirmed because the trial court was in the best position to judge the credibility of Goldner's testimony at the evidentiary hearing. In other words, ShiftMed contends the trial court did not believe that Goldner did not receive service of the complaint. However, we are unable to conclude that Goldner's credibility (or lack of) resolves this issue. In

addition to improperly applying the Civ.R. 60(B) legal standards to this matter, the trial court provided no explanation for its denial of Goldner's motion to vacate the default judgment. Thus, we have no factual basis to objectively determine whether the trial court abused its discretion regarding the validity of service in this case. Thus, based upon the testimony and record, ShiftMed did not satisfy its burden in establishing proper service on Goldner.

{¶ 31} Accordingly, on the facts of this case, we find that the default judgment was void for lack of service and the trial court abused its discretion in failing to grant Goldner's motion to vacate the default judgment entered against him.

{¶ 32} Based on the court's resolution of assignment of error No. 1, Goldner's remaining assignments of error are moot.

{¶ 33} For all these reasons, we find merit to the appeal, reverse the trial court's judgment, and remand the case to the trial court to vacate the default judgment against Goldner.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

EILEEN A. GALLAGHER, A.J., and
MARY J. BOYLE, J., CONCUR